WESTERN LION LIMITED, Plaintiff-Appellant, *v.* THE CITY OF MAT-
TOON, Defendant-Appellee (Collect-All Corp., Defendant).

Fourth District   No. 4—83—0508

Opinion filed April 9, 1984.

Phebus, Tummelson, Bryan & Knox, of Urbana (Joseph W. Phebus, of
counsel), for appellant.

M. John Hefner, Jr., of Harlan Heller, Ltd., of Mattoon, for appellee.

JUSTICE WEBBER delivered the opinion of the court:

The plaintiff appeals from the orders of the circuit court of Coles County dismissing the complaint and denying its motion for reconsideration and for leave to file an amended complaint. The plaintiff, a corporation engaged in the handling of solid wastes, contends that the defendant, city of Mattoon, did not follow the requirements of section 4—5—11 of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, par. 4—5—11) when it awarded a contract for the collection of municipal garbage. The plaintiff further claims that its constitutionally protected rights of due process and equal protection have been denied. On appeal, the plaintiff also contends that the award of the contract constitutes an illegal waste of the taxpayers' funds. We affirm.

Defendant, city of Mattoon, is a commission form of municipal government. On May 3, 1983, the city published a "proposal for bids" for the contractual service of municipal garbage collection. The right to reject any and all bids and to accept the one that the city deemed most favorable was expressly reserved. Contract specifications were prepared and issued by the city. The contract called for the collection of garbage from all residences and buildings occupied for residential purposes in the city as well as from six containers located at various city parks and the disposal of the garbage at an approved landfill. The contract was for a period of three years commencing on July 1, 1983.

On June 7, 1983, the bids that were submitted pursuant to the published proposal and specifications were opened during a regular meeting of the city commission. Plaintiff's bid of $69,899 per year was the lowest. However, the city rejected that bid and accepted the bid of Collect-All Corporation. That bid was in the amount of $96,000 per year. The city of Mattoon had paid Collect-All the identical amount in the previous two years when Collect-All had performed the same service.

On June 22, 1983, the plaintiff filed a complaint against the city of Mattoon and Collect-All asking that the defendants be enjoined from entering into the contract and that the contract be awarded to the plaintiff along with other appropriate relief.

On June 28, 1983, the city of Mattoon filed its motion to dismiss the complaint under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619). The affidavits of city commissioner Marjory Metzger and Mayor Roger Dettro were filed in support of the motion. They stated that they voted to award the contract to Collect-All after an investigation of the bidders and a determina-

tion, based upon past service also, that awarding the contract to Collect-All would be in the best interests of the city. A hearing on the motion was held on June 30, 1983. At that time counteraffidavits were submitted by the plaintiff to show that it was capable of performing the collection contract. After hearing the arguments of counsel, the circuit court granted the city's motion to dismiss and held that the decision as to which bid to accept was discretionary with the city commission.

Before the entry of a written order, the plaintiff filed a motion for reconsideration and for leave to amend the complaint on July 5, 1983. The plaintiff sought to change its original one-count complaint into a four-count complaint requesting additional relief and including a count based upon the city's alleged illegal waste of taxpayer funds. A proposed amended complaint was attached to the motion. The circuit court denied this motion on July 18, 1983, and thereafter entered a written order dismissing the plaintiff's complaint with prejudice. No order was entered as to defendant Collect-All. However, the July 18, 1983, order found there to be no cause for delaying enforcement and appeal of the order under Supreme Court Rule 304 (87 Ill. 2d R. 304). A timely appeal was filed on July 20, 1983.

■ On appeal, plaintiff claims that since the city of Mattoon did not adhere to the requirements of section 4—5—11 of the Illinois Municipal Code when it awarded its garbage collection contract, the city should be enjoined from entering into the contract with Collect-All. The circuit court found that statute to be inapplicable to this contract. We agree.

Section 4—5—11 states in pertinent part:

"Except as otherwise provided, all contracts, of whatever character, pertaining to public improvement, or to the maintenance of the public property of a municipality involving an outlay of $1,500 or more, shall be based upon specifications to be approved by the council. Any work or other public improvement which is not to be paid for in whole or in part by special assessment or special taxation, when the expense thereof will exceed $2,500, shall be constructed as follows:

(1) By a contract let to the lowest responsible bidder after advertising for bids ***." (Ill. Rev. Stat. 1981, ch. 24, par. 4—5—11.)

By an expansive interpretation of the phrases "public improvement" and "maintenance of the public property" plaintiff claims that this statute should apply whenever a contractor does work of any type for a commission form of government where it is not paid out of a special

assessment or special taxation and the cost exceeds $2,500. Specifically, plaintiff argues that the collection of garbage results in public improvement and that because the garbage is to be removed from six dumpsters placed on city property, this contract pertains to the maintenance of public property.

There appears to be no case law that construes the language of the statute in question. However, a review of the case law in other States in regard to the meaning of "public improvement" reveals that garbage collection is nowhere mentioned under this designation. On the contrary, the term "public improvement" is generally understood to mean any permanent improvement upon real property owned by the municipality. (*Church E. Gates & Co. v. Jno. F. Stevens Construction Co.* (1917), 220 N.Y. 38, 115 N.E. 22; *Kansas City ex rel. Delargy v. Wells Brothers Construction Co.* (Mo. App. 1932), 54 S.W.2d 449.) Certainly building and paving projects would be included in this category; however, garbage collection could hardly be called a permanent improvement upon real property owned by the city.

If the statute were to be read as the plaintiff contends, practically any positive act done by the city would require advertised bidding. We doubt that the legislature intended such a broad construction. Moreover, a statute that restricts the right of a city to contract by requiring a bidding procedure should not be extended beyond the language used. (*People ex rel. Adamowski v. Daley* (1959), 22 Ill. App. 2d 87, 159 N.E.2d 18.) We note that the statute in question uses the word "construction" twice and "constructed" once in describing the types of contracts that would require bidding procedures. This indicates the legislature's intention to adopt the general view that "public improvement" means an improvement upon real property owned by the city.

Similarly, the phrase "maintenance of public property" does not apply to the contract in question. As the circuit court noted, a contract for the collection of garbage is not a maintenance contract in any normal sense of the word. Plaintiff argues that because the contract calls for the contracting party to place and service six dumpsters on public property, the contract pertains to the maintenance of public property. Initially we note that this language in no way calls upon the contracting party to directly maintain the public property upon which the dumpsters are placed. In any event, the contract is primarily concerned with the collection of table scrap garbage from the private residences in Mattoon. The mere fact that a few dumpsters on public property are also emptied does not change the nature of this contract.

■■ Therefore, we hold that the contract in question was not con-

trolled by the procedures outlined in section 4—5—11 of the Illinois Municipal Code. "When a public body, though not required to do so by statute, has called for bids, the public body may award the contract to any bidder it considers responsible." (*Hassett Storage Warehouse, Inc. v. Board of Election Commissioners* (1979), 69 Ill. App. 3d 972, 983, 387 N.E.2d 785, 793.) The affidavits of the defendant show that this discretion was properly exercised in the present case. City commissioner Marjory Metzger was assigned to investigate the various companies that submitted bids for the city contract. In doing so, she stated that she observed several deficiencies in the plaintiff's present waste handling operations. She also stated that she had received favorable comments about the existing service of Collect-All in the city of Mattoon. She noted that her inspection of Collect-All turned up no deficiencies. Since the collection of garbage is very important to the public health the city decided to continue to contract with a company with proven quality. Since the price of the contract was the same as in past years, no increased burden on the taxpayers would result. We cannot say that the city abused its discretion in choosing to contract with Collect-All, and in the absence of any evidence of fraud, illegality, or bad faith this court will not overrule the city's decision.

■ The plaintiff next claims that as the lowest bidder it had a property right in the contract which should be afforded due process protection. The plaintiff realizes that any property right it may have had in the contract in question was based upon the alleged applicability of section 4—5—11 to the contract's award. Since we have held that section is inapplicable to this contract, any claim of a due process right is similarly doomed. At best, the plaintiff had a mere expectation that the city's discretion would be exercised in its favor. Such an expectation is not accorded due process protection. (*Board of Regents v. Roth* (1972), 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701.) Any claim that the plaintiff was denied equal protection of the law is equally flawed since we have found that the city's discretion was properly exercised.

■ Finally, the plaintiff argues that even if section 4—5—11 does not apply to this contract, it has standing as a taxpayer of the city of Mattoon to assert a cause of action to prevent the illegal waste of taxpayer monies. While it is true that the plaintiff may have had standing to assert this, it is also evident that no such cause of action was raised in the initial complaint. That complaint was based upon a theory of recovery as a disappointed bidder. Although the plaintiff was allowed to amend its original complaint to include an allegation that it was a taxpayer of the city of Mattoon, the circuit court denied

its second motion to amend the complaint to include a whole new count based upon illegal waste of taxpayer funds. A simple allegation of taxpayer status is insufficient to assert this cause of action. The taxpayer must further allege an illegal appropriation and that he or the taxpayers as a whole will suffer some financial injury as a result of the misappropriation. (*Price v. City of Mattoon* (1936), 364 Ill. 512, 4 N.E.2d 850; *Lynch v. Devine* (1977), 45 Ill. App. 3d 743, 359 N.E.2d 1137.) A review of the complaint reveals no allegation of injury suffered as a taxpayer. Moreover, we find nothing illegal or even improper in the city's actions.

Accordingly, the judgment of the circuit court of Coles County is affirmed.

Affirmed.

TRAPP and MILLER, JJ., concur.