**ASSOCIATED MILLS, INC., Plaintiff,**

v.

**The REGINA CO., INC. and Appliance Company of America, Defendant and Counterclaimants.**

**No. 87 C 10319.**

United States District Court, N.D. Illinois, E.D.

Dec. 23, 1987.

---

Charles A. Laff, Martin L. Stern, Joseph F. Schmidt, Laff, Whitesel, Conte & Saret,

---

Bruce M. Friedman, Michael M. Large, Laser, Schostok, Kolman & Frank, Chicago, Ill., for plaintiff Associated Mills, Inc.

Robert E. Wagner, Linda A. Kuczma, Wallenstein, Wagner, Hattis & Strampel, Ltd., Chicago, Ill., Walter G. Marple, Jr., Rosemary H. Yeoh, Anderson, Russell, Kill & Glick, P.C., New York City, for defendant and counterclaimants—The Regina Co., Inc. and Appliance Co. of America.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Plaintiff, Associated Mills, Inc. ("AMI"), filed an emergency motion for a temporary restraining order barring the defendant and counterclaimants, The Regina Co., Inc. and Appliance Corporation of America (collectively, "Regina") from prosecuting an action subsequently filed by Regina in the United States District Court for the District of New Jersey. For the reasons set forth below, AMI's motion for a temporary restraining order is denied and this action is dismissed.

### I. *Facts*

AMI is an Illinois corporation which manufactures, distributes, and sells housewares, including whirlpool spas. Regina is a New Jersey corporation which also manufactures, sells, and distributes whirlpool appliances. In promoting its "HomeSpa Collection," Regina uses certain packaging and advertisements which are protected by a copyright registered with the United States Copyright Office as No. TX 1 982 352.

On December 1, 1987, counsel for Regina sent a letter to the president of AMI expressing the belief that AMI's packaging and advertisements for its "POLLENEX Whirlpool Hot Spa" infringed Regina's copyright for its "HomeSpa Collection." In the letter, Regina's counsel also demanded that AMI cease and desist distribution of the infringing packaging and advertisements and that AMI destroy all infringing packaging and advertisements, as well as all means of reproducing the infringing materials.

In response to Regina's letter, on December 2, 1987, counsel for AMI telephoned counsel for Regina. According to Regina, during that telephone conversation, the parties reached an accord whereby Regina agreed to give AMI a couple of weeks to evaluate its position in exchange for AMI's promise that it would not file a preemptive declaratory judgment action against Regina in Illinois. AMI disputes that the parties reached such an accord.

Nevertheless, on December 3, 1987, AMI filed the instant complaint against Regina seeking, among other relief, a declaratory judgment that AMI's packaging and advertisements do not infringe Regina's copyright. In response, on December 7, 1987, Regina filed an answer, a counterclaim, and a motion for a preliminary injunction. The counterclaim contained multiple counts, including a count for copyright infringement. The motion sought to enjoin AMI from infringement of Regina's copyright pending a trial on the merits.

Regina's motion for a preliminary injunction was scheduled for hearing on December 9, 1987. Because a criminal trial was in progress, the Court continued the motion generally, ordered the parties to resume settlement negotiations, and set the matter for a status hearing on January 29, 1988. The Court also granted Regina leave to file a motion to transfer the action to New Jersey in the interim.

Six days later, on December 15, 1987, Regina filed an action against AMI in the United States District Court for the District of New Jersey ("the New Jersey action"). In the complaint filed in New Jersey, Regina asserted claims against AMI identical to those contained in the counterclaim filed by Regina in Illinois.

After receiving notice of the New Jersey action, AMI filed the instant emergency motion for a temporary restraining order against Regina. In its motion, AMI seeks to restrain Regina from prosecuting the New Jersey action. Regina claims that AMI's motion should be denied and the Illinois action should be dismissed.

## II. *Discussion*

AMI filed this declaratory judgment action in anticipation of an infringement action by Regina. The issue before this Court is whether the infringement action, filed by Regina twelve days after AMI filed the instant declaratory judgment action in Illinois, should proceed. This Court believes that it should.

The Seventh Circuit recently addressed this issue under circumstances virtually identical to those present in this case in *Tempco Elec. Heater Corp. v. Omega Engineering, Inc.,* 819 F.2d 746 (7th Cir.1987). In *Tempco,* the plaintiff filed a declaratory judgment action in Illinois the same day it received a letter from the defendant demanding that the plaintiff cease the alleged infringement. Four days later, the defendant filed an infringement action of its own in the District of Connecticut. The defendant then moved to dismiss the declaratory judgment action filed in Illinois, claiming that the subsequently filed infringement action in Connecticut involved the same facts, parties, and issues. The district court granted the defendant's motion and dismissed the earlier filed declaratory judgment action.

On appeal, the Seventh Circuit upheld the district court's ruling, recognizing that federal courts have the discretion to decline to hear a declaratory judgment, even though it is within their jurisdiction. *Tempco,* 819 F.2d at 747. In its decision, the court focused on the purposes underlying the declaratory judgment action:

> The purposes of declaratory judgments are to 'clarify and settle the legal relations at issue' and to 'terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'

*Tempco,* 819 F.2d at 746, 749 (quoting in part Borchard, *Declaratory Judgments* 299 (2d ed. 1941)). Noting that the pending infringement action had caused the controversy to "ripen" to the point where a declaratory judgment would serve no useful purpose, the court held that the district court properly exercised its discretion in declining to hear the earlier filed declaratory judgment action.

The same rationale applies to this case. AMI filed this declaratory judgment action the day after it received a letter from Regina demanding that AMI cease infringement of Regina's copyright. Twelve days later, Regina filed its infringement action in New Jersey. As in *Tempco,* Regina's filing of an infringement action in New Jersey obviated the need for a declaratory judgment in this case.

At the hearing on AMI's emergency motion for a temporary restraining order, counsel for AMI argued that this case is distinguishable from *Tempco* because in this case, AMI has requested relief other than a declaratory judgment in its three-count complaint. According to AMI, this fact is significant because it will be deprived of its right to choose the forum in which to litigate these additional claims if the Court dismisses this action.

We find this argument unpersuasive for several reasons. First, as the court stated in *Tempco,* the mere fact that a party files its declaratory judgment first does not give it a "right" to choose a forum. *Tempco,* 819 F.2d at 750. Furthermore, AMI will be able to assert its additional claims as counterclaims in the New Jersey infringement action. *See* Fed.R.Civ.P. 13. Finally, in this Court's opinion, AMI's conduct in filing this declaratory judgment action amounted to nothing more than a preemptive strike. AMI should not be rewarded for winning the race to the courthouse. Nor should it be permitted to distort the purpose of a declaratory judgment by using it as a vehicle to secure a forum of its own choosing. Accordingly, this Court denies AMI's emergency motion for a temporary restraining order and, in view of the pending New Jersey action, dismisses this action.

## III. *Conclusion*

For these reasons, AMI's emergency motion for a temporary restraining order is denied and this action is dismissed.

IT IS SO ORDERED.