CNA FINANCIAL CORPORATION, a Delaware corporation, and Continental Casualty Company, d/b/a one of the CNA Insurance Companies, Plaintiffs,

v.

The HOME INDEMNITY COMPANY, d/b/a one of The Home Insurance Companies, Defendant.

No. 88 C 9119.

United States District Court, N.D. Illinois, E.D.

Feb. 1, 1989.

Theodore A. Boundas, Robert L. Suomala, Michael S. Loeffler, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for plaintiffs.

Douglas Reimer, Steven P. Handler, Susan Cox, David M. Keller, McDermott, Will & Emery, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Plaintiffs, CNA Financial Corporation and Continental Casualty Company (collectively, "CNA"), filed an action for a declaratory judgment on a claim made by CNA under a blanket bond issued by defendant, The Home Indemnity Company ("Home"). This action was originally filed in the Circuit Court of Cook County, Illinois as case No. 88 CH 8786, and was removed to this Court on October 20, 1988. On November 3, 1988, by agreement of the parties, an order was entered extending the time for filing a responsive pleading until November 23, 1988. Home thereafter filed a motion to transfer this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). For the reasons set forth herein, the declaratory judgment action of CNA is dismissed on the Court's own motion and Home's motion to transfer is denied as moot.

## I. Facts

This action arose out of a dispute between the parties over CNA's alleged loss of $336,723.47 as a result of an embezzlement by one of its employees in its New York City office. Home's bond obligates Home to reimburse CNA for this loss. This loss was but one of several embezzlement losses CNA has sustained within the past few years in its New York office.

On December 13, 1988, approximately two months after CNA's declaratory judgment action was removed to this Court, Home filed suit against CNA in the United States District Court for the Southern District of New York seeking to recover a $5,000,000 payment Home made under the bond as a result of CNA's losses from embezzlement. *See Home Indemnity Company v. CNA Financial Corporation and Continental Casualty Company,* No. 88 Civ. 8801 (Sprizzo, J.).

## II. Discussion

A cursory review of the motion to transfer and supporting memorandum of law tends to substantiate Home's position that a transfer of this case is warranted based on considerations of venue, the convenience of parties and witnesses, and the interests of justice under 28 U.S.C. § 1404(a). *See Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir.1986); *Bally Mfg. Corp. v. Kane,* 698 F.Supp. 734 (N.D.Ill.1988).

A more fundamental question, however, is whether this Court should decline to hear CNA's declaratory judgment action. Indeed, it is well settled that federal courts have discretion to decline to entertain a declaratory judgment action. *Tempco Elec. Heater Corp. v. Omega Engineering, Inc.,* 819 F.2d 746, 747 (7th Cir.1987). In declining to entertain a declaratory judgment action filed under similar circumstances, the court in *Tempco* focused on the underlying purposes of a declaratory judgment action:

The purposes of declaratory judgments are to 'clarify and settle the legal rela-

tions at issue' and to 'terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding.'

*Tempco,* 819 F.2d at 749 (quoting in part Borchard, *Declaratory Judgments,* 299 (2d ed. 1941). The *Tempco* court noted that a subsequently filed infringement action pending before another district court in Connecticut had caused the controversy before the *Tempco* court to "ripen" to the point where a declaratory judgment would serve no useful purpose. On appeal, the reviewing court held that the refusal of the district court to entertain the earlier filed declaratory judgment action was a proper exercise of discretion.

The same principle applies with equal force to this case. Here, Home has filed suit in the Southern District of New York. Thus, a declaratory judgment in this action would serve no useful purpose, as any claims or defenses that CNA may have can be asserted in the New York litigation. To hold otherwise would condone a waste of the resources of the litigants and the judicial system.

The fact that the declaratory judgment action was filed here first is of no relevance. Courts should not reward the winner of a footrace to the courthouse or a party who engages in a preemptive litigation strike. *Tempco,* 819 F.2d at 749–750; *Associated Mills, Inc. v. Regina Co., Inc.,* 675 F.Supp. 446, 448 (N.D.Ill.1987). Consequently, this Court, in the exercise of its discretion, declines to hear this cause of action.

### III. *Conclusion*

For the reasons set forth in this memorandum opinion, the declaratory judgment action of CNA is dismissed and Home's motion to transfer is denied as moot.

IT IS SO ORDERED.