THE VILLAGE OF LELAND *ex rel.* GERARD BROUWER *et al.*, Plaintiffs-Appellants, v. LELAND COMMUNITY SCHOOL DISTRICT NO. 1 *et al.*, Defendants-Appellees (American Legion Post No. 570 *et al.*, Defendants).

Third District   No. 3—88—0500

Opinion filed May 2, 1989.—Rehearing denied July 6, 1989.

Gerard Brouwer, of Leland, for appellants.

Gerald E. Dempsey, of Klein, Thorpe & Jenkins, Ltd., of Chicago (Scott F. Uhler, of counsel), for appellees.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiffs, Gerard and Henry Brouwer, filed suit against the defendants, Leland Community School District No. 1, John Scholfield (superintendent of schools of Leland Community School District No.1), American Legion Post No. 570, and four of its members. Plaintiffs purport to bring this action as taxpayers on behalf of the Village of Leland and the Leland Community School District No.1. The plaintiffs seek a variety of legal and equitable relief, including an accounting, a judgment for profits, imposition of a constructive trust, appointment of a receiver and an injunction.

The trial court granted defendants Leland Community Unit School District No.1 and John Scholfield's motion to dismiss pursuant to the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615), the court finding, among other things, that plaintiffs do not have standing to bring this action.

Plaintiffs appeal from the trial court's May 21 judgment, arguing the court erred in finding plaintiffs lacked standing to bring this

cause of action. The remaining defendants are not involved in this appeal.

On May 19, 1982, the school board of Leland Community School District No. 1 voted to adopt the bylaws of the Ted Fisher Scholarship Fund (Fund) and a resolution placing $20,000 presented by American Legion Post No. 570 (the Post) under the control of the board of directors of the Fund. On that same date, the school board accepted a cash gift of $3,000 from the Post to present awards to a member or members of that year's graduating class.

The purpose of the Ted Fisher Scholarship Fund is to annually award a sum of money to a Leland High School graduating senior attending college. The source of the funds used to establish the Fund and make the $3,000 cash gift was profits obtained by American Legion Post No. 570 through its operation of a tavern, the alleged prohibited sale by it of alcoholic liquors, and the operation of games of chance in the Village of Leland between 1970 and May 1982.

The bylaws of the Ted Fisher Scholarship Fund, which were written by John Scholfield, provide that the Fund be administered independently of the school district, the Fund directors making all decisions related to the Fund, with the district itself lacking any authority in administering or supervising the Fund. The monies comprising the Fund are invested at the discretion of the Fund's board, and the signatory of the investment is the Fund's chairman or vice-chairman. Five persons comprise the Fund's board of directors, three being members of American Legion Post No. 570, one of these being John Scholfield, Fund board chairman.

The plaintiffs allege the school district's actions in adopting the bylaws of the Ted Fisher Scholarship Fund, accepting money pursuant to the bylaws' adoption and becoming involved in the administration of the scholarship fund are *ultra vires* as to the purposes of the school district. Plaintiffs also allege John Scholfield is personally liable for improperly paying out monies belonging to the Leland Community School District. For the reasons stated below, we agree with the trial court's finding that plaintiffs lack standing to bring this action.

In their amended complaint, plaintiffs bring this action as "the plaintiff, Village of Leland ex rel. Gerard and Henry Brouwer." The plaintiffs rely on their status as taxpayers to argue they possess standing to bring this cause of action.

■ The Illinois Municipal Code (Code) (Ill. Rev. Stat. 1987, ch. 24, par. 1—1—1 *et seq.*) provides standing for taxpayers to sue in certain circumstances. The Code provides as follows:

"A suit may be brought by any taxpayer, in the name and for

the benefit of the municipality, against any person to recover any money or property belonging to the municipality, or for any money which may have been paid, expended, or released without authority of law." Ill. Rev. Stat. 1987, ch. 24, par. 1—5—1.

The plaintiffs seek to somehow recover monies donated by the American Legion for the benefit of school children. These funds were derived from the alleged illegal sale of liquor. This action does not involve, as the statute requires, the recovery of "any money or property belonging to the municipality," nor does it involve "any money which may have been paid, expended, or released" by the municipality. (See Ill. Rev. Stat. 1987, ch. 24, par. 1—5—1.) Section 1—5—1 is concerned with taxpayer monies that are collected and utilized by a municipality. The sale of liquor at the private American Legion Post No. 570 does not afford the plaintiffs the right to bring suit to recover monies held in and distributed through the Ted Fisher Scholarship Fund.

In addition, a simple allegation of taxpayer status is insufficient to assert a taxpayer suit. (*Western Lion Limited v. City of Mattoon* (1984), 123 Ill. App. 3d 381, 462 N.E.2d 891.) The taxpayer must further allege an illegal appropriation and that he or the taxpayers as a whole will suffer some financial injury as a result of the misappropriation. (*Western Lion Limited v. City of Mattoon* (1984), 123 Ill. App. 3d 381, 462 N.E.2d 891.) In this case neither financial injury to Leland taxpayers nor the illegal appropriation of public funds of the municipality is at issue.

Plaintiffs do allege that "the Village and its residents have been and are being defrauded and harmed" by the alleged illegal sale of liquor. A plaintiff has standing where he can show a real, legally protected interest in the subject matter of the lawsuit and "not merely that he will suffer in some indefinite way." *Goldstein v. Mitchell* (1986), 144 Ill. App. 3d 474, 486, 494 N.E.2d 914.

Plaintiffs cannot rely upon their fraud allegation as a violation of a legally protected interest. It is an essential element of an allegation of fraud that the plaintiff show some "injury in fact to a legally recognized interest." (*Glazewski v. Coronet Insurance Co.* (1985), 108 Ill. 2d 243, 254, 483 N.E.2d 1263.) The legally recognized interest protected by the common law of fraud is based upon actual injury in reliance on the defendant's conduct. (*Glazewski v. Coronet Insurance Co.* (1985), 108 Ill. 2d 243, 483 N.E.2d 1263.) In the instant case the plaintiffs do not allege nor does the record indicate that they have suffered an actual injury in reliance upon the defendant's conduct.

■■ ■ The plaintiffs do allege that a statutory violation has occurred. In *Lynch v. Devine* (1977), 45 Ill. App. 3d 743, 748, 359 N.E.2d 1137, this court enunciated the applicable rule of standing where a violation of statute is alleged:

"Where the suit alleges injury due to violation of a statute, the doctrine of standing requires that the plaintiff be one of the class designed to be protected by the statute, or for whose benefit the statute was enacted, and to whom a duty of compliance is owed. [Citations.] The object of the statute, the nature of the duty imposed by it, and the benefits resulting from its performance dictate what persons are entitled to sue thereunder."

Plaintiffs contend that American Legion Post No. 570 improperly applied for and was erroneously granted a liquor license. However, the mere existence of a statutory regulatory procedure, here the Illinois Liquor Control Act of 1934 (Ill. Rev. Stat. 1987, ch. 43, par. 93.9 *et seq.*), does not create a private cause of action in all individuals for any violation of the act. The injury due to a violation of a statute must be demonstrated. (*Cardinal Glass Co. v. Board of Education* (1983), 113 Ill. App. 3d 442, 447 N.E.2d 546.) The alleged violation of a licensing act does not establish a direct, ascertainable, protectable interest of the plaintiffs that has been violated. In addition, the statute the defendants have allegedly violated is subject to the Administrative Review Act (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.*; see Ill. Rev. Stat. 1987, ch. 43, par. 163(c)), which provides individuals a complete mechanism for challenging liquor licensing violations, including judicial review.

In summary, this court agrees with the trial court's finding that the plaintiffs lack standing both as taxpayers and as individual residents of the Village of Leland to bring a direct action in the circuit court for the alleged licensing violation under the Illinois Liquor Control Act.

For the foregoing reasons the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

WOMBACHER, P.J., and HEIPLE, J., concur.