921 F.2d 118
 A.G. EDWARDS & SONS, INC., Plaintiff-Appellant,
v.
PUBLIC BUILDING COMMISSION OF ST. CLAIR COUNTY, ILLINOIS, C.
Jack Miller, James E. Brede, Richard A. Sauget, Gordon D.
Bush and James S. Nations, members of the St. Clair County
Public Building Commission, Defendants-Appellees.
 No. 90-1969.
 United States Court of Appeals,
Seventh Circuit.
 Argued Nov. 6, 1990.
Decided Dec. 27, 1990.
 
 Richard J. Pautler, Peper, Martin, Jensen, Maichel & Hetlage, Lewis R. Mills, Catherine H. Craig, Richard P. Sher, St. Louis, Mo., for plaintiff-appellant.
 Bernard J. Ysursa, Cook, Shevlin, Keefe & Ysursa, Belleville, Ill., for defendants-appellees.
 Before BAUER, Chief Judge, FLAUM, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 ESCHBACH, Senior Circuit Judge.
 
 
 1
 This is an appeal from the dismissal without prejudice of a declaratory judgment action. Diversity of citizenship is the asserted basis of jurisdiction. The issue is whether the District Court abused its discretion in abstaining from reaching the merits of this dispute because of the existence of a suit for damages in Illinois state court arising out of the identical facts. We conclude the District Court did not abuse its discretion and affirm the decision below.
 
 FACTUAL BACKGROUND
 
 2
 The plaintiff, A.G. Edwards and Sons, Inc. ("Edwards"), is an investment banking and brokerage firm. On October 1, 1984, Edwards executed a lease agreement for a tract of land in which the defendant, C. Jack Miller ("Miller"), holds a one-third interest. Edwards has since continuously leased the site with renewals pursuant to the terms of the original lease.
 
 
 3
 All would have been well; however, at the time of closing Miller was the chairman of the St. Clair County Public Building Commission ("Commission"), and he remains a commissioner to this day. Also at the time of closing, Edwards was negotiating with the Commission with respect to the financing of the construction of a County parking garage. On January 17, 1985, Miller presented one of Edwards' proposals for financing the garage to the Commission and the Commission voted to approve. In March 1985, the Commission issued bonds for the garage with Edwards as underwriter.
 
 
 4
 On December 8, 1989, attorney Amiel Cueto ("Cueto") mailed to Edwards a letter, enclosing a draft of a complaint. The draft complaint listed Richard B. Vallina ("Vallina"), a taxpayer of St. Clair County, as the named plaintiff suing derivatively on behalf of the Commission. The complaint alleged that Miller, in return for the lease agreement, had promoted the successful Edwards parking garage financing proposal. The complaint alleged both Edwards and Miller had violated the Illinois Securities Law (Ill.Rev.Stat. ch. 121 1/2, pp 137.1-137.19) and the Illinois statute forbidding bribery of public officials (Ill.Rev.Stat. ch. 102, p 3), had committed fraud upon the taxpayers, and had breached a fiduciary duty. The letter stated the complaint would be filed in Illinois state court on December 29, 1989, absent a settlement agreement. Vallina, the named plaintiff, died in an unrelated accident on December 8, 1989.
 
 
 5
 On December 19, 1989, Edwards initiated the current federal lawsuit seeking a declaration that the lease arrangement constituted neither a bribe nor a kickback in violation of Illinois law. Edwards named as defendants the Commission, the Commission members in their official capacities, and Cueto. The asserted basis of jurisdiction is diversity of citizenship. On December 21, 1989, Cueto filed the state court action for damages on behalf of Vallina. The Commission and Commission members answered Edwards' complaint by admitting all but those allegations relating to Miller's interest in the leased property and as to whether the lease constituted a bribe. To these allegations, the defendants pleaded lack of sufficient information to respond. On January 26, 1990, Edwards voluntarily dismissed Cueto without prejudice.
 
 
 6
 The Commission and Commission members moved to dismiss Edwards' complaint arguing that the state court action is the better course for this dispute to take. Edwards responded by claiming that declaratory relief is appropriate because it provides the most effective and expeditious means of resolving the underlying dispute. The District Court agreed with the defendants and dismissed the complaint without prejudice. Edwards appeals, claiming the District Court erred in declining to exercise jurisdiction. We affirm.
 
 DISCUSSION
 
 7
 This is an abstention case. Congress has provided for federal court jurisdiction in declaratory judgment actions through the Declaratory Judgment Act ("Act"), 28 U.S.C. Sec. 2201.[1] However, the Act provides district courts with wide discretion to abstain from exercising that jurisdiction. Although jurisdiction under Article III may exist,[2] "[a district court is] under no compulsion to exercise that jurisdiction." Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942); see also Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 125-28, 88 S.Ct. 733, 746-47, 19 L.Ed.2d 936 (1968).
 
 
 8
 We review a district court's decision to abstain under the abuse of discretion standard. See Reiter v. Illinois Nat'l Casualty Co., 213 F.2d 946, 949 (7th Cir.1954); see also Sekerez v. Supreme Court of Indiana, 685 F.2d 202, 204-05 (7th Cir.1982); Matter of Chicago, Milwaukee, St. Paul and Pacific Ry. Co., 654 F.2d 1218, 1221-23 (7th Cir.1981); City Investing Co. v. Simcox, 633 F.2d 56, 64 (7th Cir.1980). Ahrensfeld v. Stephens, 528 F.2d 193, 198 (7th Cir.1975).[3]
 
 
 9
 We are convinced the District Court did not abuse its discretion. This is a dispute that had ripened to a point where Vallina could have invoked a suit for damages but had failed to do so at the time the federal declaratory lawsuit was filed. Indeed, Cueto had informed Edwards of Vallina's claim and had warned that he would file an action for damages on behalf of his client absent settlement by a given deadline. Edwards filed its action for declaratory relief before that deadline. Cueto quickly filed the state action for damages on behalf of Vallina two days after the declaratory action was filed. The current lawsuit should not be allowed to proceed simply because Edwards was the first to the courthouse. See CNA Fin. Corp. v. Home Indem. Co., 703 F.Supp. 759, 761 (N.D.Ill.1989); Associated Mills, Inc. v. Regina Co., 675 F.Supp. 446, 448 (N.D.Ill.1987).
 
 
 10
 Further, jurisdiction is based upon diversity of citizenship and the outcome of this case turns solely upon matters of Illinois law. The action filed on behalf of Vallina is proceeding in Illinois state court. The state court's greater familiarity with its own law persuades us it was not an abuse of discretion for the federal court to step aside out of respect for the Illinois court.[4] See Brillhart, 316 U.S. at 495, 62 S.Ct. at 1175 ("Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.").
 
 
 11
 Edwards argues, however, that the federal court action provides a better and more effective means for determining the underlying facts, and thus should be the vehicle for adjudicating this dispute. See Peterson v. Lindner, 765 F.2d 698 (7th Cir.1985) (noting that the mere existence of another remedy does not foreclose the avenue of declaratory relief); see also Delno v. Market Street Ry. Co., 124 F.2d 965 (9th Cir.1942). To buttress this claim, Edwards points to several procedural hurdles that the state court plaintiff must jump in order to reach the merits of the claim. First, Edwards argues that as a matter of Illinois law, a deceased plaintiff may not maintain a lawsuit. See Vukovich v. Custer, 347 Ill.App. 547, 107 N.E.2d 426 (1952), rev'd, 415 Ill. 290, 112 N.E.2d 712 (1953). Second, Edwards contends that the state derivative action must fail because no demand was ever made on the Commission to press the claim itself. Feen v. Ray, 109 Ill.2d 339, 487 N.E.2d 619 (1985). Finally, Edwards claims that the taxpayers as taxpayers have not suffered an actual or threatened financial injury caused by any improper expenditure of funds. Thus, it is argued, a taxpayer lacks standing to sue derivatively. See Western Lion, Ltd. v. Mattoon, 123 Ill.App.3d 381, 78 Ill.Dec. 772, 774, 462 N.E.2d 891, 893 (1984). Edwards correctly notes that these issues are not currently before the federal court. Indeed, discovery has been completed regarding the lease agreement and Edwards has filed a motion for summary judgment. From this, Edwards argues that only its declaratory lawsuit can efficiently and expeditiously end this dispute.
 
 
 12
 We do not agree. Edwards has conceded it would not oppose the intervention by the state court plaintiff, Vallina. Indeed, it is probable Vallina is a necessary, if not indispensable, party under Fed.R.Civ.P. 19. Thus, if this action were to proceed, it would surely proceed only upon the addition of Vallina. See Delno, 124 F.2d at 968-69; Delpro Co. v. Nat'l Mediation Bd., 509 F.Supp. 468 (D.Del.1981). Once Vallina is included, many of these standing issues to which Edwards points are likely to face the federal court.
 
 
 13
 In short, the declaratory posture of this case serves no useful purpose. And again, because we deal with matters of purely Illinois law, the Illinois state court is the better forum in which to litigate this suit. It was not an abuse of discretion for the District Court to abstain.[5] The judgment of the District Court is AFFIRMED.
 
 
 
 [1]
 In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such
 28 U.S.C. Sec. 2201(a).
 
 
 [2]
 The Declaratory Judgment Act does not otherwise supplement federal jurisdiction. As a threshold, a plaintiff must establish that jurisdiction under Article III exists. See J.N.S., Inc. v. Indiana, 712 F.2d 303, 305 (7th Cir.1983). We pause to note that some question may exist as to whether federal jurisdiction exists over this lawsuit. Edwards has neglected to name as a party in its complaint the only person who has ever challenged the lease arrangement as a bribe. Rather, Edwards has sued only the Commission and Commission members, seeking a declaration that Edwards did not bribe a commissioner. It is quite likely the parties seek "precisely the same result" from this lawsuit: a declaration that no bribe occurred. If so, no case or controversy exists between adverse parties over this issue. GTE Sylvania, Inc. v. Consumers Union of the United States, Inc., 445 U.S. 375, 382-83, 100 S.Ct. 1194, 1199, 63 L.Ed.2d 467 (1980) (citations omitted). In order for a justiciable controversy to exist regarding the allegations of bribery, Article III might require that Vallina be included. See Cunningham Bros., Inc. v. Bail, 407 F.2d 1165, 1169 (7th Cir.1969), cert. den., 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 745 (1969)
 The peculiar alignment of the parties exposes another persuasive attack to jurisdiction. Edwards has named as a defendant in the lawsuit the person Edwards is alleged to have bribed. At the very least, the justiciability problem discussed above casts grave doubt on the existence of a substantial controversy between Edwards and Miller. This is probably an appropriate case to realign the parties according to their interests in the litigation, treating Miller as a plaintiff along with Edwards. Such realignment would destroy complete diversity and subject matter jurisdiction because Miller and the other commissioners are all citizens of Illinois. See American Motorists Ins. Co. v. Trane Co., 657 F.2d 146 (7th Cir.1981).
 We need not resolve these troublesome jurisdictional issues. It is true that a federal court must at the outset determine whether jurisdiction exists before proceeding to the merits. The duty exists even to raise the issue sua sponte when, as here, the parties have not raised it themselves. See Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 7, 98 S.Ct. 1554, 1559, 56 L.Ed.2d 30 (1978). However, because we affirm the decision of the District Court not to exercise federal jurisdiction over the merits, there is no need to reach the threshold issue. Because federal jurisdiction over the merits has not been and will not be exercised, it is irrelevant whether federal jurisdiction exists. See Crowley Cutlery Co. v. United States, 849 F.2d 273, 276 (7th Cir.1985); see also Ohio Casualty Co. v. Jackson County Bank, 562 F.Supp. 1165, 1167 (W.D.Wis.1983).
 
 
 [3]
 We recognize that it can be argued this Court was reviewing a decision to abstain in Tempco Elec. Heater Corp. v. Omega Eng'g, Inc., 819 F.2d 746 (7th Cir.1987). In Tempco, we purported to review an exercise of discretion by the district court dismissing a declaratory judgment action under a de novo standard. Id. at 749. However, if the result in Tempco were viewed as abstention, the Tempco dicta would possess questionable validity. As noted earlier, this Circuit has consistently reviewed decisions to abstain under the abuse of discretion standard. In any event, we need not revisit Tempco here. Tempco involved the question which of two federal courts would hear a trademark infringement dispute. The current case involves purely state law issues and the choice between a state and a federal court. As Tempco reserved, "concerns of comity or federalism ... might enter the picture where a declaratory judgment action is pursued in federal court and a coercive remedy is pursued in state court." Id. Those concerns are present here, and we accordingly decline to extend Tempco
 
 
 [4]
 The action in state court cannot be removed to federal court. Vallina has named Miller as a defendant. Because Miller is of the same citizenship as the plaintiffs in state court, complete diversity is destroyed. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978)
 
 
 [5]
 We note the Circuits have appeared to split on an important issue we need not face today. Some Circuits have concluded that the decision to abstain in declaratory judgment actions because of parallel litigation in another forum is limited by the abstention doctrine announced in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). See Lumbermens Mutual Casualty Co. v. Connecticut Bank & Trust Co., 806 F.2d 411 (2d Cir.1986). Others have opined that the discretion generated by the Declaratory Judgment Act and recognized by the Supreme Court in Brillhart remains unaffected by the "exceptional circumstances" analysis of Colorado River. See Terra Nova Ins. Co., Ltd. v. 900 Bar, Inc., 887 F.2d 1213 (3d Cir.1989). Still others have attempted to craft some sort of "middle ground" between the two positions. See Fuller Co. v. Ramon I. Gil, Inc., 782 F.2d 306 (1st Cir.1986). In our Circuit, at least one opinion has recognized Colorado River abstention in a declaratory judgment case. See Board of Educ. v. Bosworth, 713 F.2d 1316 (7th Cir.1983). Bosworth however, does not decide whether the Declaratory Judgment Act provides additional authority, beyond that espoused in Colorado River, to abstain from exercising federal jurisdiction. We need not resolve this issue, for abstention is proper in the current case even under the most stringent test adopted in any of the other Circuits