**BUDGET RENT A CAR CORPORA-TION, a Delaware corporation, Plaintiff,**

**v.**

**MILJACK, INC., an Oklahoma corporation, d/b/a Budget Rent a Car of Tulsa and Ryan and Davis, Inc., a Texas corporation, d/b/a Budget Rent a Car of Austin, Texas, Defendants.**

**No. 90 C 7548.**

United States District Court,
N.D. Illinois, E.D.

April 2, 1991.

Alan H. Silberman and Elpidio Villarreal, Sonnenschein, Nath & Rosenthal and Sheri A. Young, Budget Rent A Car Corp., Chicago, Ill., for plaintiff.

Gerald G. Saltarelli and R. Douglass Bond, Butler, Rubin, Newcomer, Saltarelli, Boyd & Krasnow, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Defendant Miljack, Inc. and defendant Ryan and Davis, Inc. have moved to dismiss, stay, or transfer the action filed by plaintiff Budget Rent A Car Corporation ("Budget"). For the reasons stated below, the court grants defendants' motion to stay.

## FACTS

The underlying action is based on licensing agreements between Budget and each of the defendants. In the normal course of its business, Budget enters into licensing agreements which allow companies, like defendants, to operate motor vehicle rental businesses under the name and mark of

Budget. As part of its obligations under the agreements, Budget promises to make the Budget reservation system available to the companies. In this case, it is alleged that defendants, as part of their obligations under the agreements, promised to participate in the reservation system and pay all attendant fees. Budget claims that defendants assented, in separate reservation system agreements, to participation in the reservation system currently in effect or the system as modified by Budget. Since entering into licensing agreements with defendants, Budget has made changes to its reservation system and its reservation system agreement. Budget alleges that defendants, under the terms of their agreements, must accept the new reservation system agreement and must participate in the new system. Alternatively, Budget claims that it has no reservation service obligation to defendant Ryan and Davis, Inc. Defendants assert otherwise. Budget seeks declaratory relief to clarify the terms of the agreements and establish the obligations of each party.

Defendants negotiated with Budget to try to delay the effective date of the new reservation system agreement. Defendants claim that they made clear to Budget that they would file suit before the January 1, 1991 effective date of the reservation system agreement if the negotiations were not successful. On December 31, 1990 the parties were still involved in negotiations. Budget asked defendants to hold off filing suit in order to allow for one last attempt at delaying the effective date. Budget called defendants the afternoon of December 31, 1990 to say that a delay was not possible. Budget filed suit in Chicago, Illinois that same day. Defendants filed suit in Tulsa, Oklahoma at approximately the same time on that same day.

Defendants claim that Budget's suit was a preemptive suit. In support, defendants allege that the two suits are almost identical as they involve the same issue and nearly the same parties. Therefore, defendants ask that this suit be dismissed, stayed or transferred.

## ANALYSIS

■ The Declaratory Judgment Act gives a district court the discretion to decline to hear an action which seeks declaratory relief. *See* 28 U.S.C. § 2201; *A.G. Edwards & Sons, Inc. v. Public Bldg. Comm'n of St. Clair County, Illinois*, 921 F.2d 118, 120 (7th Cir.1990). Generally, courts will entertain a declaratory judgment suit if there is an actual case in controversy. The instant suit presents a problem because it is one of *two* federal actions involving the same case in controversy. A review of the complaint in this suit and the complaint in the suit filed in Tulsa, Oklahoma shows that essentially the same issue is being litigated in both—Budget's ability to modify the reservation system agreement and bind defendants to it. The parties in these actions are nearly the same. Defendants in this suit are two companies involved in the automobile rental business under the Budget name. Defendants are members of the Car Rental Licensee Association, Inc. ("CRLA") which is the plaintiff in the Oklahoma action. Defendants have allegedly been the moving force in the Oklahoma litigation. Budget is the plaintiff in this suit and the defendant in the Oklahoma suit. The relief requested in both actions is markedly similar. In this suit, Budget asks for declaratory relief. CRLA seeks contract or monetary damages as well as declaratory relief in the Oklahoma action.

■ Litigation of both cases would be a waste of judicial time and resources. "[F]rom society's point of view it is essentially irrelevant which one [of the parties] bears the expense and inconvenience of litigating in a distant forum- someone must." *Tempco Electric Heater Corp. v. Omega Engineering Inc.*, 819 F.2d 746, 749 (7th Cir.1987). Here, the better alternative is to allow the Oklahoma action to proceed. The broader relief requested by CRLA in the Oklahoma suit would certainly address the relief sought by Budget in this action. And, the action in Oklahoma has progressed further than this suit. The parties have briefed and argued at least two motions in the Oklahoma suit. The fact that Budget's

declaratory judgment action was filed in this court first is of no relevance. The Seventh Circuit has declined to follow a rigid first to file rule. *Tempco Electric Heater Corp.*, 819 F.2d at 750. In any event, the court is more concerned with the circumstances surrounding the filings. Defendants call Budget's action a preemptive suit. Indeed, it has the earmarks of such a suit. Budget knew that defendants planned to file suit in Oklahoma before January 1, 1991. The parties were involved in negotiations, so Budget asked CRLA to delay filing until the afternoon of December 31, 1990. It seems to be more than a coincidence that Budget filed suit in Chicago on December 31, 1990. Equitable principles counsel against allowing the preemptive suit to proceed.

Further, it appears that the suit in this district has lost its importance. The controversy that Budget was trying to stave off with the declaratory judgment has already arisen in the Northern District of Oklahoma where CRLA, on behalf of defendants and others, has sued for breach of contract and has requested damages. In a case similar to this one, *Tempco Electric Heater Corp. v. Omega Engineering Inc.*, 819 F.2d 746 (7th Cir.1987), the Seventh Circuit affirmed a district court's dismissal of a declaratory judgment action after a trademark infringement suit involving the same parties and issues was filed a few days later. The court found that the declaratory judgment "would serve no useful purpose" since the controversy had "ripened" with the filing of the enforcement suit. *Id.* at 749. It has since been found that the *Tempco* rule "applies to declaratory judgment actions designed to pre-empt not only infringement suits, but other lawsuits as well." *Natural Gas Pipeline v. Union Pacific Resources*, 750 F.Supp. 311, 314 (N.D.Ill.1990); *CNA Financial Corp. v. Home Indemnity Co.*, 703 F.Supp. 759 (N.D.Ill.1989) (suit for declaratory judgment concerning plaintiff's claim under blanket bond dismissed because of later suit filed by defendant seeking payment made pursuant to bond).

The court, however, is loathe to dismiss this suit outright. It appears that the resolution of some disputed issues in the Oklahoma suit could lead to the dismissal of that suit. Therefore, the court stays this action pending resolution of the case filed in Oklahoma, No. 90 C 1060 C.

Accordingly, defendants' motion to stay is granted.[1]

IT IS SO ORDERED.

---

1. Alternatively, defendants ask for transfer of the case. Transfer would not be possible in this case as there is not proper venue in the transferee court.