**SUCCESSORIES, INC., Plaintiff,**

v.

**ARNOLD PALMER ENTERPRISES, INC., Defendant.**

**No. 97 C 8528.**

United States District Court, N.D. Illinois, Eastern Division.

Jan. 22, 1998.

---

Annette Michele McGarry, Jeanne Marie Gills, Sharon R. Barner, Foley & Lardner, Chicago, IL, for Plaintiff.

Bart Allen Lazar, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, Michael C. Stein, Lewin & Laytin, P.C., New York City, for Defendant.

### *MEMORANDUM OPINION AND ORDER*

ALESIA, District Judge.

Before the court is defendant Arnold Palmer Enterprises, Inc.'s ("AP") motion to dismiss plaintiff Successories, Inc.'s ("Successories") complaint for a declaratory judgment. For the reasons that follow, the court grants AP's motion to dismiss.

### I.  *BACKGROUND*

Successories is an Illinois corporation with its principal place of business in Illinois. Successories manufactures and sells numerous lines of motivational wall and desk art, books, desk accessories, card products, and clothing. One line of merchandise is titled "The Essence of Golf." The name of golfer Arnold Palmer ("Mr.Palmer") and a quote attributed to him are featured on most of the products within The Essence of Golf collection.

AP is an Ohio corporation with its principal place of business in Ohio. AP is the exclusive licensing agent of Mr. Palmer. AP has not given Successories permission to use Mr. Palmer's name or to reprint the quote from him on The Essence of Golf merchandise.

On September 12, 1997, counsel for AP sent a letter to British Links Golf Classics ("BLGC"), a subsidiary of Successories, demanding that BLGC cease and desist its sale of certain merchandise. In a letter dated October 17, 1997 ("the October 17 letter"), AP notified Successories that AP had become aware of Successories' sale of The Essence of Golf merchandise and that AP believed that Successories' sale of the merchandise violated AP's rights. In the letter, AP demanded that Successories cease and desist the sale of the merchandise.

Following the October 17 letter, counsel for Successories and AP engaged in settlement negotiations. From October 17, 1997 to December 5, 1997, counsel for both sides exchanged at least eleven letters in which the parties attempted to settle the outstanding dispute. On December 5, 1997, AP's counsel sent a letter to Successories' counsel that proposed a final offer which would expire on December 9, 1997.

On December 8, 1997, Peter Walts ("Walts"), a Senior Vice President of Successories, faxed a letter to AP. In the letter, Walts requested that AP extend the December 9 deadline so that business representatives from AP and Successories could meet to discuss the dispute. On December 9, 1997, Georgia Viehbeck ("Viehbeck"), the Director of Licensing for AP, called Walts regarding the fax. Viehbeck told Walts that AP was not allowed to have business discussions with Successories until all issues between the attorneys were settled. Walts then told Viehbeck that Successories needed an extension of the December 9 deadline. Viehbeck asked Walts if a twenty-four hour extension would be sufficient. Walts said that it would not. Viehbeck then offered to extend the deadline until December 12, 1997. Walts said that he would talk to his attorney about the matter.

After her conversation with Walts, Viehbeck contacted John Oney ("Oney"), the Secretary of AP, and told him about the conversation with Walts. Oney then placed a telephone call to AP's counsel. Oney informed AP's counsel that on December 8, 1997, business representatives of Successories had written business representatives of AP and had requested an extension of time

in which to respond to the final offer. Oney told AP's counsel to expect a call from Successories' counsel regarding an extension of time.

Neither Successories' counsel nor any other representative from Successories contacted AP's counsel regarding an extension of the December 9 deadline. Instead, on December 9, 1997, Successories filed its complaint for declaratory judgment in this court.[1] Successories' complaint requests this court to declare that Successories' sale of The Essence of Golf merchandise does not violate AP's right of publicity, the Lanham Act, or the copyright laws. On Friday, December 12, 1997, Successories attempted service of the complaint on AP by hand delivering a summons and a copy of the complaint to AP's counsel.

On Monday, December 15, 1997, AP filed suit against Successories in the United States District Court for the Southern District of New York. AP's complaint alleges that Successories' sale of The Essence of Golf merchandise violates the Lanham Act and New York law. On December 19, 1997, AP filed a motion to dismiss Successories' complaint for declaratory judgment, which is the motion currently before the court.

## II. *DISCUSSION*

Successories filed this action on December 9, 1997, after engaging in no more than three months of settlement negotiations with AP. Six days later, AP filed an infringement action in New York. The issue before the court is whether the court should exercise its discretionary jurisdiction to hear Successories' declaratory judgment action. This court has determined that it should not.

The Seventh Circuit addressed this issue in *Tempco Electric Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746 (7th Cir. 1987). In *Tempco*, the plaintiff and defendant were engaged in a dispute over whether the plaintiff's use of a certain symbol was an infringement of the defendant's trademark. *Id.* at 746–47. Unable to resolve the dispute to its satisfaction, the defendant sent the plaintiff a letter, which stated that the defen-

dant had no choice but to file suit against the plaintiff. *Id.* at 747. On the same day that it received the letter, the plaintiff filed a declaratory judgment action in the Northern District of Illinois. Four days later, the defendant filed its infringement action in the District of Connecticut. The defendant then moved to dismiss the Illinois case. The district court granted the motion. *Id.*

On appeal, the Seventh Circuit affirmed the district court's decision to dismiss the case. *Id.* at 750. In its analysis, the Seventh Circuit explained that "a federal court may grant declaratory judgment to prevent one party from continually accusing the other, to his detriment, without allowing the other to secure an adjudication of his rights by bringing suit." The Seventh Circuit determined that the defendant had not engaged in such conduct because it had promptly filed suit against the plaintiff. In such a case, the Seventh Circuit concluded, a declaratory judgment action would serve no useful purpose and, thus, it was proper for the district court to decline to exercise its discretionary jurisdiction over the case. *Id.*

After the Seventh Circuit decided *Tempco*, this court was faced with *Associated Mills, Inc. v. Regina Co.*, 675 F.Supp. 446 (N.D.Ill. 1987), a case similar to *Tempco*. In *Associated Mills*, the plaintiff filed a declaratory judgment action in this court the day after the plaintiff had received a letter from the defendant demanding that the plaintiff cease infringement of the defendant's copyright. Twelve days later, the defendant filed an infringement action in New Jersey. Based on the rationale of *Tempco*, this court determined that the defendant's filing of an infringement action in New Jersey obviated the need for a declaratory judgment. Consequently, this court dismissed the plaintiff's declaratory judgment action. *Id.* at 447–48.

This court has determined that the case at bar is analogous to both *Tempco* and *Associated Mills*. AP and Successories had engaged in no more than three months of settlement negotiations over their dispute.

---

1. This court has subject matter jurisdiction over Successories' request for a declaratory judgment pursuant to 28 U.S.C. § 2201.

AP believed that the negotiations were still ongoing as of December 9, 1997, the date on which Successories filed its declaratory judgment action. Six days after Successories filed its declaratory judgment action, AP promptly filed suit in New York. As in *Tempco* and *Associated Mills*, AP's prompt filing of the infringement action in New York obviated the need for Successories' declaratory judgment action.

Successories argues, however, that the New York action does not obviate the need for the Illinois action because the declaratory judgment action in Illinois is "the only way to avoid the harassing and costly affect [sic] of AP Enterprises' choice of venue." (Pl.'s Memo. at 8 n. 4.) Such an argument, however, is in the nature of a venue objection which should be addressed and decided by the New York court on Successories' motion to transfer pursuant to 28 U.S.C. § 1404(a). *See Trippe Mfg. Co. v. American Power Conversion Corp.*, 46 F.3d 624, 628–29 (7th Cir. 1995).

 Successories next argues that the court should exercise its discretionary jurisdiction because, unlike *Tempco*, Successories' filing of the declaratory judgment action was not "anticipatory." (Pl.'s Memo. at 6.) Notwithstanding whether the court characterizes Successories' action as anticipatory or not, AP's prompt filing of the infringement action in New York obviated the need for the declaratory judgment action. *Tempco*, 819 F.2d at 749; *Associated Mills*, 675 F.Supp. at 448. Further, from the parties' submissions, the court finds that Successories' filing was in fact in anticipation of AP filing an infringement action.

Finally, Successories asks this court to stay its decision on AP's motion to dismiss pending resolution of Successories' motion to dismiss or transfer the New York action, arguing that this court should stay its decision because it is quite likely that the New York court will transfer the case to Illinois. (Pl.'s Memo. at 10–12 .) This court declines to stay its decision. The New York court's decision to transfer the New York case to Illinois has no bearing on this court's decision. If the New York court decides to transfer the New York action to Illinois, then AP's infringement case will proceed in Illinois. That would not change this court's

decision that AP's infringement action obviates that need for the declaratory judgment action.

In sum, Successories has provided the court with no reason not to follow *Tempco* and *Associated Mills*. AP's prompt filing of the infringement action in New York obviated the need for Successories' declaratory judgment action. Accordingly, the court declines to exercise its discretionary jurisdiction to hear Successories' declaratory judgment action.

### III. CONCLUSION

For the above reasons, the court grants defendant Arnold Palmer Enterprises, Inc.'s motion to dismiss plaintiff Successories, Inc.'s complaint. The court declines to exercise its discretionary jurisdiction to hear plaintiff's declaratory judgment action. Accordingly, plaintiff's case is dismissed.