## THOMAS CHALLENOR

*v.*

## NATHANIEL NILES, Admr.

1. SCIRE FACIAS—*not an ordinary action.* A *scire facias* to revive a judgment is not a suit, within the meaning of the statute prohibiting a plaintiff from suing a defendant out of the county where the latter resides or may be found, but is a judicial writ, founded on a matter of record, and must be issued from the court in which the judgment was rendered.

2. JURISDICTION—*to send process out of county for service.* In *scire facias* to revive a judgment, or upon a matter of record, the court has jurisdiction to send its process to any county where the defendant may be found, and a plea in abatement, that the defendant does not reside, etc., in such county, is not sustainable.

3. AMENDMENT—*changing name of plaintiff.* A *scire facias*, by an administrator, to revive a judgment in favor of his intestate, is irregular, if brought in the name of the deceased; but, in such a case, it is proper to allow an amendment, by substituting the name of the administrator as plaintiff.

WRIT OF ERROR to the Circuit Court of Monroe county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. HAY & KNISPEL, for the plaintiff in error.

Mr. N. NILES, *pro se.*

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a proceeding, by writ of *scire facias*, to revive a judgment recovered in the circuit court of Monroe county, on the 14th day of April, 1858, by Mary Orben against Thos. Challenor.

The writ was issued by the clerk of the circuit court of Monroe county, on the 10th day of February, 1874, directed to the sheriff of St. Clair county, where service was had upon the defendant in the writ.

On the return day of the writ, the defendant appeared and filed a plea in abatement to the jurisdiction of the court, in which he averred that he resided and was served in a county other than that in which the writ issued. To this plea a demurrer was interposed, which the court sustained.

The decision of the court in sustaining the demurrer to the plea in abatement, is the alleged error mainly relied upon by appellant to secure a reversal of the judgment.

The second section of the Practice Act, revision of 1874, page 775, declares that: "It shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found, except in local actions, and except that, in every species of personal actions in law, when there is more than one defendant, the plaintiff commencing his action where either of them resides may have his writ issued, directed to any county where the other defendant may be found."

The appellant relies upon this statute to sustain him in the position that a writ issued in Monroe could not be legally served upon him in St. Clair county.

If this was to be regarded as an original action, then the position assumed would, no doubt, be correct; but a *scire facias* to revive a judgment is not the commencement of a suit, within the meaning of the statute which prohibits a plaintiff from suing a defendant out of the county where the defendant resides or may be found, but it is a judicial writ, founded on a matter of record.

We are aware of no practice that would authorize a writ of *scire facias* to issue to revive a judgment from a county other than that in which the judgment was rendered, and if the writ could not be sent for service to another county, in many cases the object of the writ would be defeated.

In the case of *Crisman* v. *The People*, 3 Gilman, 351, which was a *scire facias* issued upon a forfeited recognizance, which was a matter of record in Morgan county, but the writ was directed to and served by the sheriff of Scott county, the objection was made in that case, as in this, that the court could not issue process to another county; but the court said, there can be no doubt about the jurisdiction of the court. It had full power to send its process to any county in the State where the plaintiffs, or any of them, resided or might be found.

It is a universal rule that recognizances must be prosecuted in the court in which they are taken or acknowledged, or to which they are by law returned.

If, as was held in the case cited, a *scire facias* issued upon a recognizance could be sent to any county in the State for service, upon the same principle we fail to see any satisfactory reason why the same kind of process, the object of which is to revive a judgment, can not be directed and served in the same manner.

It is also insisted, that the *scire facias*, having been issued in the name of Mary C. Orben, she having previously died, was void.

It was irregular to issue the writ in the name of the deceased. The court, however, on motion, properly allowed an amendment, by which the name of the administrator of the estate of the deceased was substituted, and the cause proceeded to final judgment in the name of the substituted party.

It is also insisted, that the judgment rendered was not for a sum certain. While it may be true the judgment entered by the court may not be strictly accurate, yet it is not so defective as to justify a reversal.

The judgment will therefore be affirmed.

*Judgment affirmed.*