# Benjamin F. Straus v. Moses Oltusky.

1. Record—*What Composes, in Proceedings by Scire Facias.*—In legal proceedings by *scire facias*, the writ, pleas, verdict of the jury, or finding of the court if the trial is had without a jury, and the judgment, make the whole record, unless there is a bill of exceptions.

2. Appeal from Justices—*Neglect to Summon Parties not Appealing.*—Where an appeal from a justice of the peace is taken by one of two defendants, the neglect to bring in the other defendant by summons is not error, where the parties go to trial without objection.

3. Scire Facias—*On Appeal Bonds from Justices.*—A bond given upon an appeal from a justice of the peace becomes a part of the record of the court to which the appeal is taken. It may well be contended that no legislation was necessary to warrant a *scire facias* upon it after a breach of the condition. The writ is a common law remedy.

4. Same—*Form of Judgment Upon.*—It seems that the form of the judgment upon a *scire facias* on an appeal bond from a justice of the peace should be, not for a sum of money, but to have execution for the amount of the judgment and costs in the case appealed, as recited in the writ of *scire facias*, and the costs of the same.

Scire Facias, on appeal, etc. Appeal from the Circuit Court of Cook County; the Hon. Edward F. Dunne, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed March 3, 1896.

E. A. Rosenthal, attorney for appellant.

Moses, Pam & Kennedy, attorneys for appellee.

Mr. Presiding Justice Gary delivered the opinion of the Court.

The abstract shows that the appellee, before a justice of the peace, recovered a judgment against two persons, for money loaned, one of whom only appealed, and that on that appeal in the Circuit Court, the appellant at last became a surety upon the then appellant's bond. The case was tried in the Circuit Court, without bringing in the other defendant before the justice, and judgment obtained against the one who did appeal. We say the abstract shows these things, and yet they are not a part, properly, of the record of this cause, in which they were only matters of evidence

to be shown, not by being copied into a record by the clerk, but by a bill of exceptions.

This action is a *scire facias* on the bond signed by the appellant here, and though not a new suit within the prohibition in the practice act as to suing a defendant out of the county where he resides or may be found (Challenor v. Niles, 78 Ill. 78), yet the proof by which the allegations of the writ are supported, can not be certified to us by the clerk, as for other purposes it is a new action. Ripley v. Morris, 2 Gilm. 381.

The writ of *sci. fa.*, pleas, if any, verdict or finding of court if trial is had, and judgment, make the whole record, unless there be a bill of exceptions.

In that respect it is the same as debt upon the bond. But if such proceedings were part of this record, to be considered upon this appeal, the neglect to bring in the other defendant before the justice, was not even error, when the parties who were in the Circuit Court went to trial without objection.

The appellant there would be the only one who could complain, and he could not assign error upon proceedings to which he did not object. It therefore makes no difference on this part of this case whether such proceedings are considered or not.

The real question is whether *scire facias* lies upon the bond in suit, and in determining that question those former proceedings might make a difference.

The statute relied upon by the appellee as authority for this *scire facias* is as follows :

" In cases of appeal from judgments of justices of the peace the appellee shall be entitled to a judgment not exceeding ten per cent damages upon the amount of the judgment, if the appeal is dismissed for want of prosecution, or if the court shall be satisfied that the appeal was prosecuted for purposes of delay. And the court may, at the election of the appellee, render judgment against the appellant for the amount of the judgment from which the appeal is taken, with damages as hereinbefore provided.

And thereupon the appellee shall be entitled to a *scire facias* against the sureties on appeal bond in such case, and such writ of *scire facias* shall be made returnable at the next succeeding term of said court, and if served ten days before the commencement of such term, and unless sufficient cause be shown by such sureties the court shall render judgment against such sureties for the amount of judgment rendered against their principal."

The first sentence of that section was section 58 of the Practice Act of 1845, transferred to Justice's Act as section 71, in the revision of 1872, and the rest added by amendment in 1879. If the question were before us, as we are at present advised, we should be inclined to hold that the legislature did not intend to make distinctions as to the form of the remedy upon bonds given on appeals from justices, based upon such immaterial matter as whether damages were or were not awarded when the liability accrued upon the bond. It is the proposition of the appellant here that *scire facias* lies only when damages are awarded in pursuance of the section quoted. A bond given upon an appeal from a justice becomes part of the record of the court to which the appeal is taken. It may well be contended that no legislation was necessary to warrant a *sci. fa.* after a breach of the condition; that a *sci. fa.* is a common law remedy. Sans v. People, 3 Gilm. 327.

The abstract does not show the penalty or condition of the bond, nor recitals of the *sci. fa.;* nor do the assignments of error make any point upon either, or upon the form of the judgment, which it seems should be, not for recovery of any sum of money, but to have execution for the amount of the judgment and costs in the case appealed, as recited in the *sci. fa.*, and the costs on the *sci. fa.* 2 Harris' Entries, 364.

It is desirable that parties should seek remedies in more familiar modes of proceeding. We would have less trouble with questions arising.

The judgment is affirmed.