## Henry N. Mann v. John J. Warde.

1. SURETY—*On an Appeal Bond from a Justice of the Peace.*—A surety on an appeal bond from a justice of the peace is not entitled to have tried over again the question of the correctness of the judgment that, after trial, had been recovered against the principal in the bond.

2. JUDGMENTS—*By Default not Set Aside Unless, etc.*—There is no requirement in law or in practice that demands the setting aside of a judgment rendered upon a default, unless it is made to appear that in some way justice will thereby be promoted.

Scire Facias, on an appeal bond. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 27, 1896.

ROBERT C. FERGUS, attorney for appellant.

EDWARD J. WALSH, attorney for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellant was surety for one George H. Fergus upon an appeal bond given upon appeal to the Circuit Court from a judgment recovered by the appellee against Fergus before a justice of the peace.

Upon a trial in the Circuit Court the appellee recovered judgment against Fergus for $87.49, and thereupon a *scire facias* issued against appellant to show cause why judgment for said amount should not be rendered against him.

To the *scire facias* appellant pleaded the general issue in assumpsit, and upon a demurrer thereto being sustained, he was given leave to plead over upon condition that his new pleas should be verified.

He thereupon filed a plea of *non est factum* without verification. Whereupon the court struck his plea from the files and gave judgment against him.

Appellant then moved to vacate the judgment upon affidavits filed in support of the motion, but his motion was denied, and from the order denying that motion this appeal is prosecuted.

The appellant is confined to the reasons stated in his said affidavits filed in support of his motion to vacate the judgment.

Those affidavits tended only to show that Fergus had a good defense to the case that was appealed, and in which the judgment was recovered against him; that *scire facias* against the surety was not a proper proceeding when the appeal was not dismissed for want of prosecution, unless when it were found by the court that the appeal was prosecuted for delay (Sec. 71, Ch. 79, Rev. Stat.); that appellant had no notice of the motion to strike his pleas from the files because they were not verified, as was provided that they should be in order to be entitled to be filed, and for judgment for want of plea.

As to the first proposition, it is only necessary to say that appellant, as surety on the appeal bond, was not entitled to have tried over again the question of the correctness of the judgment that after trial had been recovered against Fergus.

As to the second proposition we regard the point, if there were otherwise one, as having been waived by pleading to the merits, and the other subsequent steps taken in the case by the appellant. See also Strauss v. Otulsky, 62 Ill. App. 660.

As to the last proposition, it is enough to say that even though it were error to strike appellant's pleas from the files and give judgment against him, without notice to him,

the appellant has shown no meritorious defense to the action, and no injury in consequence of the judgment. There is no requirement of law or in practice that demands the setting aside of a judgment by default, unless it be made to appear that in some way justice will thereby be promoted.

The bill of exceptions shows that when the motion to vacate the judgment was heard, the court refused to peremptorily vacate the judgment, but gave appellant forty-eight hours in which to file an affidavit, showing that he had a meritorious defense, and stated that if it should be made so to appear he would vacate the judgment. This leave was not responded to by appellant by showing anything in the nature of a meritorious defense.

The judgment of the Circuit Court was correct, and it will be affirmed.