Lottie Vukovich, as Administrator of Estate of John Vukovich, Deceased, Plaintiff-Appellant, v. William Custer, Defendant-Appellee.

Gen. No. 10,598.

Opinion filed July 3, 1952. Released for publication July 28, 1952.

LIDSCHIN & PUCIN, of Waukegan, for appellant; GLENN K. SEIDENFELD, of Waukegan, of counsel.

HALL, MEYER & VAN DEUSEN, of Waukegan, for appellee; LLOYD A. VAN DEUSEN, of Waukegan, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

John Vukovich filed a suit in the circuit court of Lake county against Mike Komadina and William Custer. The complaint alleged that Vukovich was riding as a passenger in the car owned and operated by Mike Komadina, when the car collided with the car of William Custer and John Vukovich was injured. The suit was for the injuries he received in the accident. This suit was started on April 25, 1946. On April 24, 1947, Lottie Vukovich suggested the death of John Vukovich, the plaintiff, in the original complaint and was granted leave to substitute Lottie Vukovich, Administratrix of the Estate of John Vukovich, deceased, as a party plaintiff, and was given leave to amend the complaint and proceed under the Wrongful Death Act. Mike Komadina filed his answer and he is not directly involved in this appeal.

Later, service was secured on William Custer who filed a motion to strike the amended complaint and dismiss the suit, because the original complaint was filed subsequent to the death of the original plaintiff, John Vukovich, and that no proper cause of action existed at that time, as purported to be brought in the said complaint, and therefore the amended complaint was of no force and effect. It developed that John Vukovich had died before the original suit was filed. The court sustained the motion to strike, and dismissed the suit as to William Custer. It is from this order that the plaintiff has appealed to this court.

It is claimed by the appellee in his motion that the original suit filed by John Vukovich was a nullity, as there was no such person in existence at the time the

549

suit was filed, and therefore the complaint could not be amended.

In Corpus Juris Secundum, volume 67, page 896, we find the following: "In every action there must be a real plaintiff who is a person in law and is possessed of a legal entity or existence as a natural, artificial, or quasi-artificial person, and a suit brought in the name of that which is not a legal entity is a mere nullity.

"In every action there must be a real plaintiff, and for a standing as party plaintiff it is necessary that plaintiff be a person in law. A civil action may be maintained only in the name of a person in law, an entity, which the law of the forum may recognize as capable of possessing and asserting a right of action. The rule is sometimes stated so as to comprehend only two forms of legal entity for the purpose of maintaining an action. Thus, the rule has been formulated to the effect that in all civil actions the prime requisite as to parties is that plaintiff must be either a natural or an artificial person, and that an action may not be maintained in the name of a plaintiff who is not a natural or an artificial person having legal entity to sue or be sued." On page 898 we find the following: "The capacity to sue exists only in persons in being, and not in those who are dead or who have not yet been born, and so may not be brought before the Court, and a proceeding may not be brought in the name of a deceased plaintiff, inasmuch as such a proceeding is a nullity."

It is stated in *Mortimore v. Bashore,* 317 Ill. 535, "The capacity to sue or be sued exists only in persons in being and not in those who are dead or have not yet been born and so cannot be brought before the Court." *Susemiehl v. Red River Lumber Co.,* 305 Ill. App. 473. This case was appealed to the Supreme Court and affirmed (376 Ill. 138) and in it the Supreme Court says: "Beginning with the case of Holton vs. Daly, 106 Ill. 131, and continuing to the present time, this Court has

been committed to the doctrine that if death results from the injuries sued for, the suit of the injured person abates and cannot be further prosecuted.''

In *MacAffer v. Boston & M. R. R.*, 268 N. Y. 140, 197 N. E. Reporter 328, decided by the Court of Appeals of New York, the court in discussing a similar question uses this language: ''The judgment is in such case futile, because in truth no action is then pending between the parties named. If the plaintiff in that action was not in existence, the defendants named in the summons and complaint were, in fact, not required to appear in Court and answer the complaint.''

■■■ The record in this case shows that at the time the original suit was filed, John Vukovich had died, and it is our conclusion that at that time, the suit was a nullity and void. The question then arises, could the administrator of his estate amend the original complaint so as to have a valid suit in court? The court in the case of *Ohnesorge v. Chicago City Ry. Co.*, 259 Ill. 424, states the rule of law that is applicable to the facts in this case and is as follows: ''The right to maintain an action by one who without his fault has suffered a personal injury through the negligence or wrongful act of another has always existed wherever the common law of England was in force. This right is not created by the legislature and our statute on injuries has nothing to do with it. Under the common law an action for personal injury did not survive the death of the person injured, and prior to the Survival Act of 1872 it was the law of this State that an action for damages for personal injury abated with the death of the injured party in all cases where the death was not the result of the injury. (*Holton v. Daly*, 106 Ill. 131.) In 1853 the legislature passed an act, which has been in force ever since, requiring compensation for causing death by wrongful act, neglect or default, and providing that suit therefor should be brought in the name of the per-

sonal representative for the benefit of the widow and next of kin. This statute was not a survival statute. It did not continue to the personal representative the cause of action that the injured party had under the common law, but it created a new and independent cause of action never before that time recognized as existing in this State. The cause of action brought by the personal representative was not intended to permit the widow and next of kin to recover for the pain and suffering of the deceased or for medical attendance and other expenses incurred in and about being healed of the injury. It was not designed by the legislature to give damages for any injury received by the deceased, but to create a cause of action in the name of the administrator for the pecuniary loss which the widow and next of kin may have sustained by reason of the death of the injured person, and the damages, when collected, were distributed, under the statute, to the widow and next of kin according to the rules for the distribution of personal property of 'persons dying intestate. The funds arising from this source were not a part of the estate of the deceased person and had never been held to be liable to the claims of creditors. The action is for the sole benefit of the widow and next of kin, and is given to compensate them for the pecuniary loss sustained by the death of the husband or relative.''

In *Harkin v. Ferro Concrete Const. Co.,* 185 Ill. App. 239, a similar question which we are now discussing arose. In the syllabus of the case we find the following: ''Where a person commenced a suit to recover for personal injuries and died pending the hearing and after his death was suggested and his administrator substituted as a party plaintiff the administrator was permitted to amend the declaration, and it appeared from the amended declaration that plaintiff's intestate died as a result of his injuries and that recovery was

sought for the benefit of his widow and next of kin, held that the declaration as amended set up a new and different cause of action from that disclosed in the original declaration, and that it was properly stricken from the files.''

The Supreme Court of Massachusetts in the case of *Brooks v. Boston & N. St. Ry. Co.*, 211 Mass. 277, 97 Northeastern Reporter 760, had before it the same proposition which we have been discussing in the present case, and in that case we find this language: ''An action at law implies, by its very terms, the existence of a person who has the right to bring the action. . . . It is axiomatic that a corpse is not a person.'' ''It is urged, however, that under our statute allowing amendments, the administrator now appointed may be substituted as party plaintiff. The essential words of that statute R. L. c. 173, Sec. 48, are that 'the court may allow any other amendment in matter of form or substance in any process, pleading or proceeding which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought.' This language in plain words indicates the existence of a real plaintiff as the original instigator of the action. It gives no countenance to the idea that something phantasmal and visionary may be given a body and a substance by the aid of subsequent events. It pre-supposes a plaintiff. Here there was no plaintiff. It assumes an intent. The amendment must be bottomed on an intent contemporaneous with the bringing of the action. But one who is dead cannot have an intent in any earthly sense.''

In the appellant's argument that the complaint in question was not a nullity and was amendable cites several cases from foreign jurisdiction that seems to hold that under some circumstances it could be amended. The only Illinois case that appellant quotes from is *Bremer v. Chicago & E. I. R. Co.*, 247 Ill. App.

406, in which an amendment was permitted. The facts in that case are materially different from the one in question. The suit was brought in the name of the administrator of the estate of Mary Louise Pearl. The original administrator resigned and the public administrator was made a party plaintiff. The question arose whether this amendment could be made and the court held that section 39 of our Practice Act provided for such a change. They also cite *Houghland v. Avery Coal & Mining Co.*, 246 Ill. 609. This case was one for the wilful violation of the Mine and Miner's Act. Houghland was killed in a mine accident and the widow brought suit to recover damages for the death of her husband, and the children of Houghland, also brought an action for damages resulting from the death of the father. It appeared that one of the children was omitted in the original suit, and the complaint was amended so as to allow this child to become a party plaintiff, and it is there held that as the original suit was in proper form and valid, that the Practice Act allowed the other child to be made a party plaintiff. We have examined all of the Illinois cases cited by the appellant, and we find nothing in them that indicates that a suit that is a nullity can be changed into a valid suit.

Appellant in her brief states: "It is to be noted that John Vukovich named as plaintiff in the original suit was alive on the day the original complaint was filed, though the clerk's office opened approximately 1 hour and 20 minutes later on the same day. Courts do not ordinarily take cognizance of fractions of a day and the day is generally regarded as an indivisible unit of time. When the courts do take note of a fraction of a day, it is in the interest of promoting justice. . . . Clearly justice would be served by regarding the day upon which the first named plaintiff was alive, as entire and the complaint therefore filed on the same day, one for a then existing plaintiff, if necessary to prevent

the suit from being considered a nullity under any view of the case.'' It concludes that justice would have been promoted by permitting the amendment. We have to take the facts as we find them and apply the law accordingly. The record shows that suit was filed for John Vukovich's injuries on April 25, 1946; that at that time John Vukovich was dead. Nothing was done in regard to this suit until April 24, 1947. The appellant had a whole year in which to file the suit by the administrator for the death of the deceased. It is through the negligence of the appellant that she waited too long to start the suit.

The trial court properly held that the original complaint was a nullity and could not be amended so as to sustain the suit, and the judgment of the trial court will be affirmed.

*Judgment Affirmed.*