(No. 32600.—

LOTTIE VUKOVICH, Admx., Appellant, *vs.* WILLIAM CUSTER, Appellee.

*Opinion filed May 20, 1953.*

LIDSCHIN & PUCIN, (GLENN K. SEIDENFELD, of counsel,) both of Waukegan, for appellant.

HALL, MEYER & VAN DEUSEN, (LLOYD A. VAN DEUSEN, of counsel,) both of Waukegan, for appellee.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

On November 11, 1945, John Vukovich, while riding in an automobile owned and operated by Mike Komadina, suffered personal injuries in a collision between Komadina's car and another operated by William Custer. Vukovich died on April 25, 1946, at 6:41 A.M. On the same day, at some time after 8:00 A.M., a complaint captioned "John Vukovich, plaintiff, vs. Mike Komadina and William Custer, defendants," was filed in the circuit court of Lake County. The complaint charged Komadina with wilful and wanton misconduct in the operation of his automobile and Custer with both ordinary negligence and wilful and wanton misconduct. Damages in the amount of $25,000 were sought against each defendant.

Thereafter, on April 24, 1947, the death of Vukovich was suggested, and Lottie Vukovich, administratrix of her husband's estate, was substituted as party plaintiff and granted leave to file an amended complaint. The amended pleading, in addition to making the same allegations as the original complaint with respect to the operation of the automobiles by Komadina and Custer, alleged that Vukovich died as a result of his injuries; that he was survived by his wife, a son and a daughter as his next of kin and heirs-at-law, and that, as a result of his death, they had been deprived of money and services which the decedent had been accustomed to contribute to them. Damages were asked against each defendant in the amount of $10,000.

Summons was served on Komadina and returned not found as to Custer. An *alias* summons was served on Custer on April 27, 1951.

Komadina's motion and supplemental motion to strike the amended complaint and to dismiss the suit were denied, and he answered on April 28, 1951. He is not a party to this appeal.

Custer moved to strike the amended complaint and to dismiss the action on the ground that the original complaint was a complete nullity because it was filed after Vukovich's death, and therefore the amended complaint was likewise of no force and effect. The motion was allowed, and judgment was entered in favor of Custer and against plaintiff. The Appellate Court affirmed, 347 Ill. App. 547, and we granted leave to appeal.

To reverse the judgment plaintiff urges that the original complaint was not a nullity but was susceptible of amendment. She relies upon *Challenor* v. *Niles*, 78 Ill. 78, in which the court rejected the contention that a *scire facias* to revive a judgment was void because it was instituted in the name of a deceased person, and approved the substitution of the administrator by amendment to cure the "irregular" commencement of the action. She cites also cases from other jurisdictions in which it has been held that actions instituted in the name of defunct corporations are not nullities, but may be amended. And she suggests that the law does not regard part of a day except in order to promote justice.

The defendant relies upon *Brooks* v. *Boston & Northern Street Ry. Co.* 211 Mass. 277, 97 N.E. 760, in which it was held that a complaint filed in the name of a deceased plaintiff was a nullity and therefore would not support an amendment substituting the administrator as party plaintiff. He also urges that *Pease* v. *Rockford City Traction Co.* 279 Ill. 513, and *Harkin* v. *Ferro Concrete Construction Co.* 185 Ill. App. 239, would preclude the amendment here attempted even if the deceased had been alive when the complaint was filed.

In the view we take of the case it is not necessary to resolve the dispute between the parties as to the effect of the death of Vukovich a matter of hours before the complaint was filed. Nor is it necessary to consider the extent to which *Pease* v. *Rockford City Traction Co.* and *Harkin*

v. *Ferro Construction Co.* have survived the enactment of section 46 of the Civil Practice Act, liberally construed, as the legislature has enjoined, "to the end that controversies may be speedily and finally determined according to the substantive rights of the parties, * * *." Ill. Rev. Stat. 1951, chap. 110, pars. 128, 170.

For, in our opinion, even if the validity of the main line of defense be conceded, and it is considered that a proceeding brought in the name of a deceased plaintiff is a nullity, it does not follow that the amended complaint must fall. Considered entirely apart from the original complaint, the amended complaint states a good cause of action based upon the alleged wrongful death of the deceased. If, indeed, the original proceeding was a nullity, there was nothing to amend, and the so-called amended complaint was, in reality, an original complaint filed within the prescribed period of time. The net of defendant's contention is that plaintiff is not entitled to have the merits of her case tried because she erroneously inserted the adjective, "amended," in the caption and in the body of the complaint. Had she filed this same complaint, eliminating any reference to the earlier complaint, she would have stated a good cause of action which defendant would be required to answer. So far as any substantive rights of the defendant are concerned, it can make no difference in this case whether the claim was asserted in an amended or an original complaint. To hold that the administratrix cannot have a trial of the merits because she did not label the amended complaint as a new and independent action would exalt form at the expense of substantive rights. Such a technical and sterile application of the Civil Practice Act would contradict its command of a liberal construction and disregard its emphasis on the substantive rights of the parties. Ill. Rev. Stat. 1951, chap. 110, par. 128.

If there was any prejudice to the substantive rights of the defendant here, it resulted from the delay in effecting

service of process rather than from the formal defects urged upon us. As we recently had occasion to point out, Rule 5 of the Rules of the Supreme Court (Ill. Rev. Stat. 1951, chap. 110, par. 259.5,) gives the trial court ample authority to protect against impairment of the substantive rights of a defendant by an unwarranted delay in serving summons. *Department of Public Works* v. *Lanter,* 413 Ill. 581, 594.

The judgments of the Appellate Court and the circuit court of Lake County are each reversed and the cause is remanded to the circuit court, with directions to overrule defendant's motion.

*Reversed and remanded, with directions.*