GEORGE F. KNOWLES, Plaintiff-Appellant, v. MID-WEST AUTOMATION SYSTEMS, INC., *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—89—1619

Opinion filed March 15, 1991.

Galliani & Doell, Ltd., of Chicago (William R. Galliani and Patrick F. Healy, of counsel), for appellant.

Landau, Omahana & Kopka, Ltd., of Chicago (Byron L. Landau, Robert K. Scott, and Timothy M. Palumbo, of counsel), for appellees.

JUSTICE LaPORTA delivered the opinion of the court:

A complaint alleging work-related injuries sustained on defendants' premises on June 13, 1986, was filed on June 7, 1988, captioned, "George F. Knowles, plaintiff v. Mid-West Automation Systems Inc. and Mid-West Automation Enterprises, Inc., defendants." Both defendants were served but neither appeared nor filed an answer, and a default judgment was entered against them on December 7, 1988.

On January 5, 1989, the court granted defendants' motion to vacate the order of default. Defendants then moved to dismiss the original complaint under section 2—619(5) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(5)), on the ground that plaintiff had died November 12, 1987, prior to commencement of the suit. Defendants argued that a suit cannot be brought in the name of a dead person and that when filed the suit was barred by the statute of limitations. Following a hearing, the trial judge granted defendants' motion to dismiss. Plaintiff appealed.

On appeal, plaintiff raises, as its sole issue, whether a complaint filed in the name of an injured employee pursuant to the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b)) should be dismissed under section 13—209 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—209) when the employee had died prior to the filing of the complaint. Section 5(b) of the Workers' Compensation Act permits a subrogation action by the employer or employer's insurer to recover from a third party responsible for the injuries the compensation paid to the employee by the employer or the employer's insurer.

The complaint was filed on June 7, 1988, in the name of George Knowles as plaintiff by the employer's insurer and not in the name of any representative, alleging that on June 13, 1986, Knowles was injured while he worked at defendants' business as an independent contractor engineer. The complaint alleged he suffered severe and permanent injuries because of defendants' negligence in the way it permitted furniture to be moved around the area where he was working at a drafting table. The complaint sought damages for his injuries, lost wages, medical expenses and loss of future earnings.

Defendants were served with summons and failed to appear or answer the complaint. On December 7, 1988, the trial court entered a default order and judgment against defendants and set the matter for prove up of damages on March 14, 1989. On December 30, 1988, prior to the prove up date, defendants moved to vacate the default judgment and sought leave to appear and plead to the complaint. On January 5, 1989, the trial court granted the motion, vacated the default judgment and permitted defendants to appear and to file responsive pleadings.

■■ On January 31, 1989, defendants moved to dismiss plaintiff's complaint pursuant to section 2—619(5) of the Illinois Code of Civil Procedure on the ground that dismissal of the action is appropriate where the suit has not been commenced within the statutory time limit. As grounds for their motion to dismiss, defendants argued that although a cause of action for personal injury survives the plaintiff's death under the Illinois Probate Act of 1975 (Ill. Rev. Stat. 1985, ch. 110½, par. 27—6), the cause of action is the property of and an asset of the decedent's estate and can only be commenced by the decedent's representative. Since decedent's representative did not file an action or seek to substitute him or herself in any representative capacity for plaintiff, the defendants contended that action is barred by the statute of limitations requirement in section 13—209 of the Illinois Code of Civil Procedure, which states in pertinent part: "If a

person entitled to bring an action dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced by his or her representatives before the expiration of that time, or within one year from his or her death whichever date is the later." Ill. Rev. Stat. 1985, ch. 110. par. 13—209.

George Knowles died on November 12, 1987, and seven months after his death, "George Knowles" in his own name and not in the name of any representative filed suit alleging defendants were negligent in the manner in which their premises were maintained and alleging severe and permanent personal injuries suffered by him while he was lawfully working on defendants' premises.

The trial court granted defendants' motion to dismiss, finding that there was no motion pending to name an administrator as plaintiff within the limitations time period and that, therefore, an action by a decedent was a nullity. The court found that section 13—209 extended the statute of limitations and provided for the substitution by an administrator of the decedent only for one year after the decedent's death. The trial court rejected the insurer's contention that the insurer or the employer would be allowed more time to file a complaint than an employee would under section 5 of the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.5). The court found that "section [5] was written in light of existing law applicable to all other plaintiffs, not to confer an exceptional benefit for insurers." The court held that the employer could have sued in its own name or in the name of plaintiff's personal representative but chose not to do so and was now time barred by the statute of limitations.

Section 13—209 (Ill. Rev. Stat. 1985, ch. 110, par. 13—209) provides an injured party may file suit with a two-year statute of limitations and extends that two-year period only in the case of the injured party's death and then only for a year after the date of the party's death. In this case, Knowles was injured June 13, 1986, he died November 12, 1987, and a suit was filed in his name seven months later on June 6, 1988. The suit in Knowles' name was brought in the twenty-third month after he sustained his injuries but was brought by plaintiff after his death and not in the name of his representative, of the employer or its insurer. Thereafter the insurer moved to substitute itself as subrogee-plaintiff on January 5, 1989, nearly 14 months after Knowles' death.

On appeal, plaintiff argues that it is error to interpret section 13—209 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—209) so strictly as to require that a suit be brought only in

the name of the deceased's personal representative. Plaintiff argues that the statute does not contain an identical requirement to that in the wrongful death statute, which requires that a complaint be filed "by and in the names of the personal representatives." (Ill. Rev. Stat. 1985, ch. 70, par. 2.) Plaintiff argues that to create such a requirement would be contrary to the intent of the legislation. Plaintiff contends that section 13—209 is inapplicable because it was enacted for the limited purpose of giving personal representatives of a deceased the ability to file an action on behalf of the deceased within two years. Plaintiff argues that this action is brought on behalf of the insurer under the Workers' Compensation Act. Ill. Rev. Stat. 1985, ch. 48, par. 138.5.

■ The relevant statutory language of section 5 of the Illinois Workers' Compensation Act provides:

"In the event the employee or his personal representative fails to institute a proceeding against such third person at any time prior to 3 months before such action would be barred, the employer may in his own name or in the name of the employee, or his personal representative, commence a proceeding against such other person for the recovery of damages on account of such injury or death to the employee, and out of any amount recovered the employer shall pay over to the injured employee or his personal representatives all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this Act ***." Ill. Rev. Stat. 1985, ch. 48, par. 138.5.

Plaintiff contends that although the present action was filed in the name of George Knowles, it was commenced for the benefit of and on behalf of his employer's insurer, Aetna Casualty & Surety Company, which paid workers' compensation benefits to Knowles during his lifetime. The Illinois Workers' Compensation Act permits an action to be brought by the employer in his own name or by his insurer on his behalf or in the name of the employee or his personal representative, if, after 21 months, the employee or personal representative has failed to institute an action against a third party who is potentially liable for damages because of the employee's injury or death. (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b).) This statutory language creates in the employer a right akin to the common law right of subrogation. *Chicago Transit Authority v. Yellow Cab Co.* (1982), 110 Ill. App. 3d 379, 381, 442 N.E.2d 546.

Plaintiff argues that the legislature clearly sought to create a right of recovery for the employer or its insurer in the Workers'

Compensation Act and the subsequent death of the employee should not affect that right. Plaintiff contends that to require every employer or insurer to determine the status of an employee or ex-employee in the three months within which the suit must be filed would be to impose an unreasonable burden on the employer or insurer.

■■ ■ Defendants argue that to permit an extension of the statute of limitation would be to extend to an employer and its insured's rights beyond and greater than those of the injured employee, an argument the supreme court specifically rejected in *Joseph Schlitz Brewing Co. v. Chicago Rys. Co.* (1923), 307 Ill. 322, 329, 138 N.E. 658. The court in *Schlitz* held that the right of the employer to sue a third-party tortfeasor is not a new cause of action created by the Workers' Compensation Act but is merely the employee's right of action taken from him and transferred to the employer. *Schlitz,* 307 Ill. at 327.

The constitutionality of section 5(b) (Ill. Rev. Stat. 1985, ch. 48, par. 138.5) was upheld in *McCormick v. Zander Reum Co.* (1962), 25 Ill. 2d 241, 244, 184 N.E.2d 882, where the supreme court stated that the subrogee can have no greater rights than the subrogor and can enforce only such rights as the subrogor could enforce. (*McCormick,* 25 Ill. 2d at 244.) The *McCormick* court held that the employer was time barred from asserting a claim against a third-party tortfeasor because the suit was not brought within the time limit in which the employee would have had to bring the suit.

Defendants urge this court to interpret the Workers' Compensation Act in conjunction with section 13—209 of the Code of Civil Procedure. In *Schlitz,* the supreme court considered a case with similar facts where an employer sought to collect against a third-party tortfeasor for money it had paid in compensation to an injured employee. There the court held that section 5(b) of the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.5) simply confers on the employer the employee's right of action and that, therefore, the statute of limitations is the same for an employer action or an employee action brought under section 5(b).

■■ Defendants contend that a dead person cannot be party to a lawsuit since a dead person is a nonentity. (*McCue v. Colantoni* (1980), 80 Ill. App. 3d 731, 737, 400 N.E.2d 683, 687; *Reed v. Long* (1970), 122 Ill. App. 2d 295, 297, 259 N.E.2d 411 (A dead person cannot be a party to a suit as such is a nonexistent entity and the proceedings were void *ab initio*).) In order to maintain a civil suit in tort, there must be a plaintiff and a defendant, each of them either a natural or artificial person in being and not those who are dead or

have not yet been born. (*Bavel v. Cavaness* (1973), 12 Ill. App. 3d 633, 637, 299 N.E.2d 435.) Under section 13—209 (Ill. Rev. Stat. 1985, ch. 110, par. 13—209), a plaintiff may file suit within two years of an injury, but in the event of the plaintiff's death prior to the expiration of two years, this limitation period is extended to one year from the date of the injured party's death. Defendants contend that plaintiff's motion on January 5, 1989, to substitute the insurer as plaintiff-party was brought nearly three years after plaintiff's injury and more than a year after plaintiff's death. Defendants argue that this attempt to substitute was made after the expiration of the statute of limitations and, therefore, the trial court properly granted defendants' motion to dismiss the suit as time barred.

Defendants urge this court to follow the law enunciated in *Vukovich v. Custer* (1952), 347 Ill. App. 547, 555, 107 N.E.2d 426, *rev'd on other grounds* (1953), 415 Ill. 290, 294, 112 N.E.2d 712, on which the trial court relied in its ruling. The facts in *Vukovich* are as follows: John Vukovich was injured while riding as a passenger in an automobile, and he died 5½ months later, at 6:41 a.m. April 25, 1946. At 8 a.m. that same day, Vukovich's attorney filed a complaint captioned "John Vukovich, plaintiff v. Mike Komadina and William Custer, defendants" seeking damages of $25,000 from each defendant for their negligent and willful and wanton conduct. A year later, and less than 18 months after the accident, Vukovich's death was suggested of record and the administratrix of his estate was substituted as party plaintiff and was granted leave to file an amended complaint. The amended complaint alleged wrongful conduct on the part of the defendants which resulted in Vukovich's injury and death and sought damages for his estate and for his surviving spouse and child. Komadina's motion to strike the supplemental complaint and motion to dismiss the suit were denied. He was not a party to the later appeal. The trial court granted Custer's motion to dismiss the complaint against him on the ground that the original complaint was a nullity because it was filed after Vukovich's death.

The appellate court affirmed the trial court's decision in *Vukovich v. Custer* (347 Ill. App. at 555), but on appeal the supreme court reversed the appellate court (415 Ill. at 294). In its decision, the supreme court stated that it was "not necessary to resolve the dispute between the parties as to the effect of the death of Vukovich a matter of hours before the complaint was filed." (415 Ill. at 292.) The court stated that even if it found the original complaint in the name of a deceased plaintiff was a nullity, "it does not follow that the amended complaint must fall." (415 Ill. at 293.) The court noted

that the amended complaint properly pled a wrongful death action and sought damages for Vukovich's estate and next of kin.

Defendants argue that in this case there was no motion to name an administrator as plaintiff within the appropriate statute of limitations period and that, therefore, the trial court correctly followed the law as stated in that part of the appellate court decision in *Vukovich*, which was not reversed by the supreme court, *i.e.*, a complaint filed in the name of a dead person is a nullity.

We do not have a wrongful death action before us. Plaintiff's complaint seeks damages for a personal injury suffered. Plaintiff now urges this court to find that the complaint was not filed by Knowles but was instead filed on his behalf by his former employer's insurer as a subrogation action pursuant to the Workers' Compensation Act. The complaint mentions neither the insurer nor the Workers' Compensation Act. The Workers' Compensation Act does permit the employer or its insured a cause of action. Ill. Rev. Stat. 1985, ch. 48, par. 138.5.

■ Under the facts and procedural history of our case, we find *Schlitz* and *McCormick* are persuasive. Both cases hold that the statute of limitations for plaintiff's suit is two years after the injury or, where the employee has died without filing suit, the limitation period is extended to one year after the employee's death and that the employer's and its insured's rights extend no further. Any attempt to substitute Aetna Casualty as plaintiff nearly three years after the date plaintiff sustained the injury and more than a year after plaintiff's death does not satisfy the requirements of section 5(b) (Ill. Rev. Stat. 1985, ch. 48, par. 138.5) and section 13—209 (Ill. Rev. Stat. 1985, ch. 110, par. 13—209). We find the trial court properly granted defendants' motion to dismiss plaintiff's complaint.

■■ ■ In addition, plaintiff argues that the trial court erred in denying plaintiff's motion to substitute the name of Aetna Casualty & Surety Company in place of Knowles as plaintiff. Plaintiff argues that Illinois courts favor substitution over dismissal of a lawsuit and cites as authority the case *Sjostrom v. McMurray* (1977), 47 Ill. App. 3d 1040, 362 N.E.2d 744, and section 2—1008(b) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1008(b)). Section 2—401(b) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—401(b)) states: "Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." (Ill. Rev. Stat. 1985, ch. 110, par. 2—401(b).) In *Vaughn v. Speaker* (1988), 126 Ill. 2d 150, 159, 533

N.E.2d 885, the Illinois Supreme Court stated that section 2—401(b) addresses the action to be taken when the proper party is named in a complaint but is identified by the wrong name. The court concluded that changing the name of a party who is deceased to the name of his executor was not simply the correction of a misnomer, since an individual and his estate cannot exist contemporaneously and are wholly distinct legal entities and, therefore, the substitution of the estate for the decedent was not the correction of a misnomer and section 2—401 cannot be invoked for relation back of the second complaint to the date of the original filing. (*Vaughn*, 126 Ill. 2d at 159.) Using the same rationale, we do not believe section 2—401(b) applies here.

■ Finally, plaintiff contends that section 2—1008(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1008(b)) should have been applied by the trial court to permit substitution of Aetna Casualty & Surety Company as plaintiff on January 19, 1989, the same day defendants filed its motion to dismiss. Section 2—1008(b) states: "If a party to an action dies and the action is one which survives, the proper party or parties may be substituted by order of court upon motion. *** No action brought for the use of another abates by reason of the death of the plaintiff whose name is used but may be maintained by the party for whose use it was brought in his or her own name upon suggesting the death of record and the entry of an order of substitution." Ill. Rev. Stat. 1985, ch. 110, par. 2—1008(b).

■ Defendants contend that a plain reading of section 2—1008(b) indicates that the General Assembly was referring to situations in which a living being who is already a party to a pending action passes away. (*Vaughn*, 126 Ill. 2d at 158.) Plaintiff contends that the *Vaughn* case did not consider that portion of the statute which permits substitution of a party when an action is brought "for the use of another." Here the original complaint was not framed as an action "for the use of another" who subsequently died while the action was pending. The action by insurer for the use of Knowles, the decedent, was required to be filed within the two-year statute of limitations following Knowles' injury, and we find that on June 13, 1988, the statute of limitations expired. The insurer's attempt to substitute as subrogee-plaintiff on January 5, 1989, was made after the limitations period had expired and was an attempt to substitute an entirely different legal entity in place of the original named plaintiff.

We believe sections 2—401(b) and 2—1008 (Ill. Rev. Stat. 1985, ch. 110, pars. 2—401(b), 2—1008) do not apply here, where plaintiff

has failed to comply with the threshold obligation of filing in the proper legal capacity within the statute of limitations.

For all of the foregoing reasons, we find the trial court properly granted defendants' motion to dismiss the complaint because subrogee-plaintiff failed to sue in its own name or as a personal representative of decedent within the time allowed under the statute of limitations.

Judgment affirmed.

EGAN and McNAMARA, JJ., concur.