RUSSELL GADDY *et al.*, Plaintiffs-Appellees, v. ELEANOR SCHULTE, Public Adm'r for the Estate of Sexton Daugherty, Deceased, Defendant-Appellant.

Fifth District   No. 5—95—0523

Opinion filed March 22, 1996.

David C. Laurent, of Reed, Armstrong, Gorman, Coffey, Gilbert & Mudge, P.C., of Edwardsville, for appellant.

Shon A. Park, of Becker & Associates, P.C., of Granite City, for appellees.

JUSTICE CHAPMAN delivered the opinion of the court:

Sexton Daugherty was involved in an automobile accident on August 26, 1992, and died before August 26, 1994. Russell and Martha Gaddy filed a petition to appoint the public administrator of Madison County, Eleanor Schulte, as special administrator of the estate of Sexton Daugherty. By order filed August 26, 1994, but dated August 25, 1994, Eleanor Schulte was appointed public administrator of Daugherty's estate for the purpose of defending a personal injury action brought by Russell and Martha Gaddy. On August 26, 1994, plaintiffs filed this lawsuit and named Eleanor Schulte as defendant. In an order dated January 3, 1995, the court pointed out that the term "public administrator" used in the August 25, 1994, order was a misnomer, and that Eleanor Schulte's appointment was that of special administrator under section 2—1008 of the Code of Civil Procedure (735 ILCS 5/2—1008 (West 1994)). Schulte appeals from the order of appointment and contends that the court was without authority to appoint her as special or public administrator. We affirm.

The issue on review is whether the circuit court properly appointed Eleanor Schulte special administrator pursuant to section 2—1008.

Schulte argues that the procedures outlined in the Probate Act of 1975 (Probate Act) (755 ILCS 5/1—1 et seq. (West 1994)) for the appointment of a public administrator were not followed in this case and, therefore, the appointment of Schulte as special administrator was improper and is void. In particular, Schulte contends that the Gaddys did not: (1) petition the court to issue letters of administration (755 ILCS 5/9—4 (West 1994)); (2) mail or otherwise give notice to those persons entitled to administer or to nominate an administrator (755 ILCS 5/9—5 (West 1994)); or (3) notify the heirs of the order to issue letters of administration (755 ILCS 5/9—5 (West 1994)).

Although plaintiffs did not follow the Probate Act, there is nothing in that act nor is there an Illinois case which states that what the plaintiffs did in this case was wrong. One may argue that by

circumventing the Probate Act the plaintiffs may have effectively denied would-be administrators under the Probate Act their opportunity to be appointed. Although at first glance this appears true, administrators appointed under the Probate Act may petition the court to be substituted for special administrators appointed under section 2—1008 (see 735 ILCS 5/2—1008(b) (West 1994)). We also note, as a practical matter, that in cases such as the one at bar where a personal injury action is filed against the deceased defendant, family members may prefer not to be named as administrators, as the matter often does not affect the decedent's estate *per se*, but rather the decedent's insurance policy. If, however, family members do wish to serve as administrators, they can be substituted. As a practical matter the appointment of special administrators outside the strictures of the Probate Act eliminates an undue burden on the probate court and the parties. Given the policy reasons and notwithstanding the absence of any statutory prohibition on appointing administrators outside the Probate Act, the defendant contends that the court erred in appointing a special administrator pursuant to section 2—1008.

■ Section 2—1008(b) of the Code of Civil Procedure provides in pertinent part:

> "If a party to an action dies and the action is one which survives, the proper party or parties may be substituted by order of court upon motion. ***
>
> If the death of a party to a personal action is suggested of record and no petition for letters of office for his or her estate has been filed, the court, *** without opening of an estate, may appoint a special administrator for the deceased party for the purpose of prosecuting or defending the action." 735 ILCS 2—1008(b) (West 1994).

■ Schulte cites *Vaughn v. Speaker*, 126 Ill. 2d 150, 533 N.E.2d 885 (1988), in support of her argument that there must be a pending cause of action at the time of defendant's death in order to appoint an administrator under section 2—1008(b).

In *Vaughn* plaintiff filed her original complaint against a deceased defendant within the statute of limitations. After learning that defendant was deceased, plaintiff filed a second amended complaint with the same allegations but naming as defendants the coexecutors of the estate. Between the filing of the original complaint and the filing of the amended complaint, the statute of limitations expired. The supreme court held that section 2—1008(b) was not meant to encompass such a situation. The court held that the original complaint naming a deceased defendant as a party was a nullity,

and that section 2—1008(b) could not be invoked to bring the amended complaint within the statute of limitations under the relation back doctrine. *Vaughn*, 126 Ill. 2d at 158, 533 N.E.2d at 888. *Vaughn* is distinguishable from this case because plaintiffs' complaint was timely filed within the statute of limitations, and it named the administrator and not the decedent as defendant. The relation back doctrine is not at issue in this case.

Two additional cases cited by Schulte in support of her argument, *Greene v. Helis*, 252 Ill. App. 3d 957, 625 N.E.2d 162 (1993), and *Knowles v. Mid-West Automation Systems, Inc.*, 211 Ill. App. 3d 682, 570 N.E.2d 484 (1991), are also distinguishable because both dealt with amended complaints, filed after expiration of the statute of limitations, which named a special administrator and attempted to relate back to timely filed original complaints which named the decedent as a defendant. It is well settled that a complaint filed against a dead person is a nullity and does not invoke the jurisdiction of the circuit court. *Bricker v. Borah*, 127 Ill. App. 3d 722, 724, 469 N.E.2d 241, 242 (1984). Here we are not concerned with the relation back doctrine, because plaintiffs filed the petition for appointment of Schulte within the statute of limitations and before they filed a civil complaint.

Plaintiffs rely on *Lindsey v. Special Administrator of the Estate of Phillips*, 219 Ill. App. 3d 372, 579 N.E.2d 445 (1991), in support of their argument. In *Lindsey*, a complaint was filed on April 11, 1990, alleging that on April 14, 1988, the decedent was negligent and caused plaintiff injury. The complaint stated that the decedent died on October 14, 1988, and since probate administration had not commenced, the complaint listed defendant as special administrator. On the same date the complaint was filed, plaintiff also filed a petition asking for the appointment of a special administrator "for the purpose of defending a personal injury action." The *Lindsey* court held that given the facts:

> "[T]he better practice would be to first proceed with the appointment of the special administrator. This appointment would then be followed with the filing of a complaint listing the special administrator as a party defendant." *Lindsey*, 219 Ill. App. 3d at 377, 579 N.E.2d at 448.

This is the procedure plaintiff followed in the instant case.

Defendant does not distinguish *Lindsey*; instead, she makes two arguments. First, she asserts that because no letters of administration were issued to Eleanor Schulte, she cannot act as an administrator. This argument fails because Schulte was appointed via section 2—1008(b) rather than under the Probate Act, and section 2—1008(b) does not require the court to issue letters of administration. In fact,

section 2—1008(b) makes clear that, if, after a special administrator is appointed for the purpose of defending the action, a legal representative is appointed for the estate under the Probate Act, the representative may be substituted for the special administrator. Thus, the court is not precluded from appointing a special administrator for the sole purpose of defending a personal injury action.

■ Eleanor Schulte's second argument is that Illinois courts have never permitted section 2—1008(b) to be used when a tortfeasor has died prior to being named in a lawsuit. Schulte bases her argument in part on the three cases distinguished earlier. See *Vaughn v. Speaker*, 126 Ill. 2d 150, 533 N.E.2d 885 (1988); *Greene v. Helis*, 252 Ill. App. 3d 957, 625 N.E.2d 162 (1993); *Knowles v. Mid-West Automation Systems, Inc.*, 211 Ill. App. 3d 682, 570 N.E.2d 484 (1991). As pointed out herein, *Lindsey v. Special Administrator of the Estate of Phillips*, 219 Ill. App. 3d 372, 579 N.E.2d 445 (1991), approved the very procedure used in this case.

Schulte also argues that section 2—1008 is applicable only if a lawsuit has been filed and there occurs some change in circumstances requiring a substitution of one of the parties in the case. Schulte contends that section 2—1008 has no applicability to this case because there was no case pending at the time Eleanor Schulte was appointed.

Section 1—106 of the Code of Civil Procedure provides: "This Act shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties." 735 ILCS 5/1—106 (West 1994). Black's Law Dictionary states the first definition of the word "party" as, "A person concerned or having or taking part in any affair, matter, transaction, or proceeding, considered individually." Black's Law Dictionary 1122 (6th ed. 1990). Because section 2—1008(b) does not otherwise include any restrictions on who may be deemed a party, we find that, under the dictates of section 1—106 to liberally construe section 2—1008(b), Sexton Daugherty was a "party" under section 2—1008(b).

Although not cited by either party, we find that section 13—209(b) of the Code of Civil Procedure (735 ILCS 5/13—209(b) (West 1994)) supports the circuit court's appointment of Eleanor Schulte under section 2—1008. Section 13—209(b) provides:

"Death of party. ***

(b) If a person against whom an action *may be brought* dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred, an action may be commenced against his or her personal representative after the expiration of the time limited for the commencement of the action, and within 6 months after the

person's death." (Emphasis added.) 735 ILCS 5/13—209(b) (West 1994).

Given the language, "a person against whom an action *may be brought*," it is apparent that this section deals with situations where a potential defendant dies before a cause of action is filed. Section 13—209(b) permits a plaintiff to file a complaint against a deceased defendant's personal representative. Parenthetically, we note that effective January 1, 1990, the term "personal representative" was substituted for "executors or administrators." Pub. Act 86—793, § 1, eff. January 1, 1990. The commonly accepted definition of the term "personal representative" includes the executor or administrator of a decedent's estate. *Hayden v. Wheeler*, 33 Ill. 2d 110, 112, 210 N.E.2d 495, 496 (1965). In fact, the term "personal representative" encompasses all of those persons who manage the affairs of another because of incapacity or death, including executors, administrators, successors, personal representatives, special administrators, and persons who perform substantially the same function under the law governing their status. Black's Law Dictionary 1302 (6th ed. 1990). We find the statutory amendment, substituting the term "personal representative," significant in that the prior language, "executors or administrators," denoted a limitation on the filing of lawsuits against deceased defendants. The significance of the legislature's apparent intent to loosen the strictures on filing a suit against a deceased defendant is furthered when one notes that section 13—209(b)'s term "the person's death" was substituted for "the issuing of letters of office." Although section 13—209(b) once contained language requiring letters of office for administering an estate to be issued before a complaint could be filed, it no longer contains such limitations. All that is required under section 13—209(b) is that:

(a) the potential defendant die before the tolling of the action,

(b) the cause of action survive, and

(c) the action be commenced against the personal representative within six months of defendant's death or prior to the tolling of the statute of limitations.

Thus, section 13—209(b) supports our holding that one need not appoint an administrator under the Probate Act given the facts at bar.

Plaintiffs filed their petition for appointment of a special administrator in probate court before proceeding to civil court to file the complaint. The statute of limitations on the underlying tort had not expired. This method of substituting a party was the very procedure approved in *Lindsey v. Special Administrator of the Estate of Phillips*, 219 Ill. App. 3d 372, 579 N.E.2d 445 (1991). The petition filed in the probate court invoked the jurisdiction of the circuit court,

494

and Eleanor Schulte was properly invested by order of the probate court as special administrator for the estate of Sexton Daugherty for the purpose of defending the personal injury action brought by the plaintiffs. The order of the circuit court is affirmed.

Affirmed and remanded.

KUEHN and MAAG, JJ., concur.