GREGORY SEPEDA, Plaintiff-Appellant, v. ALFRED B. LaBARRE, Special Adm'r of the Estate of Kathleen M. Edwards, Deceased, Defendant-Appellee.

Fourth District    No. 4—98—0315

Opinion filed March 8, 1999.—Rehearing denied April 21, 1999.

Donald J. Casper, of Springfield, for appellant.

Barbara A. Fritsche and Maria M. Gonzalez, both of Rammelkamp, Bradney, Kuster, Keaton, Fritsche & Lindsay, of Jacksonville, for appellee.

JUSTICE GARMAN delivered the opinion of the court:

Plaintiff Gregory Sepeda appeals from the March 30, 1998, order of the circuit court of Cass County dismissing with prejudice his lawsuit against defendant Alfred B. LaBarre, special administrator of the estate of Kathleen M. Edwards. We reverse and remand.

## BACKGROUND

On December 18, 1995, plaintiff was injured when his truck collided with a car being driven by the decedent. She and her infant son, Toby James Edwards, were killed in the accident. They were survived by her husband, Daniel Herbert Edwards (Edwards). Because no estate

was opened for decedent, plaintiff filed a petition in the circuit court of Cass County for the appointment of a special administrator on December 5, 1997. The petition states that it is brought pursuant to section 2—1008 of the Civil Practice Law (Act) (735 ILCS 5/2—1008 (West 1996)) and erroneously names Toby James Edwards as the surviving husband and sole surviving heir of decedent.

Notice of the hearing on the petition was mailed by plaintiff's counsel on December 5, 1997, and addressed to the deceased child, Toby James Edwards, instead of his father, Daniel Herbert Edwards. Accompanying the notice was a letter from counsel for the plaintiff, also addressed to Toby James Edwards. These items were addressed to the Edwards' home. A copy of the notice was also sent to the elder Edwards' place of employment, but it, too, was addressed to his late son.

At the December 16, 1997, hearing, no one appeared for the estate of Kathleen M. Edwards and defendant was appointed as administrator. Also on December 16, 1997, plaintiff filed his complaint against the estate, alleging negligence on the part of the decedent.

On February 9, 1998, defendant entered a special and limited appearance for the purpose of contesting jurisdiction (735 ILCS 5/2—301 (West 1996)), asserting that the failure to give notice to Daniel Herbert Edwards, decedent's sole surviving heir, rendered his appointment as special administrator void. In the pleading filed by defendant, he asserted that his appointment as special administrator was made pursuant to the Wrongful Death Act (740 ILCS 180/2.1 (West 1996)) and was void because plaintiff failed to comply with the notice provisions of that act.

Plaintiff's response included affidavits from himself and a former employee explaining how the names came to be confused and their efforts to identify the proper person to whom notice should have been sent. Counsel's affidavit also stated that the misaddressed correspondence was not returned to him by the postal service. Further, counsel explained his belief that Edwards did receive notice because Edwards told an employee of State Farm Fire and Casualty Company (State Farm), his insurer, that he was upset by the notice.

Defendant's reply was accompanied by an affidavit from the State Farm employee, denying that she had such a conversation with Edwards or that she made such statements to counsel for plaintiff.

A hearing was held on March 30, 1998. The trial court found insufficient notice and held that the appointment of defendant as special administrator was, therefore, void. The cause was dismissed with prejudice and this appeal followed.

We first address the question of which statutory provision applies in the circumstances of this case. Defendant, in his pleading and in his

brief, relies on section 2.1 of the Wrongful Death Act (740 ILCS 180/2.1 (West 1996)). This provision, however, applies when the only asset of the estate of a deceased person is a cause of action for wrongful death and no estate has been opened. The Wrongful Death Act does not apply in the present case in which the estate of the deceased is the defendant, rather than the plaintiff, in a personal injury lawsuit.

■ Plaintiff's reliance on section 2—1008 of the Act is similarly misplaced. Section 2—1008 of the Act applies when the defendant dies after the commencement of an action. 735 ILCS 5/2—1008(b) (West 1996). Plaintiff is correct, however, that other plaintiffs have successfully invoked section 2—1008 of the Act, even when the alleged tortfeasor died prior to being named in the lawsuit. See *Gaddy v. Schulte*, 278 Ill. App. 3d 488, 493-94, 663 N.E.2d 119, 122-23 (1996), *appeal denied*, 168 Ill. 2d 589, 671 N.E.2d 730 (1996). *Gaddy*, in turn, relied on the decision of this court in *Lindsey v. Special Administrator of Estate of Phillips*, 219 Ill. App. 3d 372, 377, 579 N.E.2d 445, 448 (1991), where we said:

"[T]he better practice would be to first proceed with the appointment of the special administrator. This appointment would then be followed with the filing of a complaint listing the special administrator as a party defendant."

Indeed, in *Gaddy*, the court noted that section 13—209(b) of the Act "deals with [the] situation[ ] where a potential defendant dies before a cause of action is filed." *Gaddy*, 278 Ill. App. 3d at 493, 663 N.E.2d at 122. Section 13—209(b)(2) of the Act provides:

"[I]f no petition has been filed for letters of office for the deceased's estate, the court, upon the motion of a person entitled to bring an action and after the notice to the party's heirs or legatees as the court directs and without opening an estate, may appoint a special representative for the deceased party for the purposes of defending the action. If a party elects to have a special representative appointed under this paragraph (2), the recovery shall be limited to the proceeds of any liability insurance protecting the estate and shall not bar the estate from enforcing any claims that might have been available to it as counterclaims." 735 ILCS 5/13—209(b)(2) (West Supp. 1997).

This case is, therefore, governed by section 13—209(b) of the Act, not by section 2—1008 of the Act or by section 2.1 of the Wrongful Death Act. The notice provisions in the three statutes are, however, identical, and, thus, the parties' citation of incorrect statutory provisions does not affect their analysis or our own.

■ The statute contemplates notice to the deceased party's heirs or legatees "as the court directs." 735 ILCS 5/13—209(b)(2) (West Supp. 1997). Plaintiff did not seek direction from the trial court

regarding the parties who should receive notice. Instead, the plaintiff's petition purported to identify the surviving spouse of the deceased and stated that appropriate notice had been sent to him. By granting the petition, the trial implicitly found notice to Edwards both necessary and sufficient for purposes of the petition. Plaintiff may not now assert that such notice was not required, even though Edwards is not a necessary party to the personal injury lawsuit or specifically entitled to notice under the Probate Act of 1975 (755 ILCS 5/1—1 *et seq.* (West 1996)).

Plaintiff makes four arguments on appeal: (1) dismissal was improper because Edwards had actual notice; (2) State Farm, not Edwards, is the real party in interest, and equity requires that the cause not be dismissed because of lack of notice to a party who is not prejudiced thereby; (3) the naming of the deceased son instead of his father was a misnomer (735 ILCS 5/2—401(b) (West 1996)); and (4) he should be allowed to amend his complaint under the "relation back" provision of the Act (735 ILCS 5/2—616(d) (West 1996)).

We need not address these questions, however, because we find the determinative issue to be what remedy is available when notice is not given "as the court directs." Defendant cited no authority to the trial court or to this court for the premise that failure to give such notice renders the appointment of a special representative void *ab initio*.

■ Under the Probate Act, persons who have a right to nominate a representative are entitled to notice, but the remedy for failure to give that notice is that the letters of office be revoked and new letters issued. 755 ILCS 5/9—5(a), 9—7 (West 1996). By analogy, in the present case, if Edwards now seeks to nominate a representative of his own choosing, he may petition the trial court to replace defendant with his nominee. If he takes this action and the trial court grants his petition, plaintiff will be required to seek leave to amend his pleadings, substituting the newly appointed special representative for defendant. Unless or until Edwards does so, however, the appointment of defendant is effective.

## CONCLUSION

We conclude that the appointment of the special administrator, while it was procedurally flawed, was not void. Assuming, *arguendo*, that actual notice was not made, it was error for the trial court to dismiss plaintiff's action. The lack of notice to Edwards and his resulting inability to participate in the process of naming a special representative for the estate of his late wife may be corrected without preju-

600

dice to any party. We, therefore, reverse and remand to the trial court for further proceedings.

Reversed and remanded with directions.

KNECHT, P.J., and COOK, J., concur.